## NEVADA v. KLUM.

**Appeal**: JURISDICTION : AMOUNT IN CONTROVERSY.  Action to replevy certain attached goods.  The jury found that the goods, to the value of one hundred and eighteen dollars, were subject to the attachment.  The defendant thereupon moved for judgment for forty-four dollars, the amount due in the attachment suit, and costs, and relinquished all claim to judgment for a greater sum. *Held* that the amount thus claimed was then the amount in controversy, as shown by the pleadings, and it being less than one hundred dollars, an appeal to this court would not lie from a judgment for defendant for that amount, without a certificate of the trial judge, as provided by section 3173 of the Code.

*Appeal from Appanoose District Court.*—HON. DELL
STUART, Judge.

FILED, DECEMBER 22, 1883.

*George D. Porter*, for appellant.

*J. A. Elliott* and *T. M. Fee*, for appellee.

BECK, J.—The property in controversy was seized
upon a writ of attachment in an action brought against
plaintiff, and upon the writ of replevin the property
was delivered to plaintiff. The jury found the property
replevied, to the value of one hundred and eighteen
dollars, to be subject to the attachment. Thereupon
defendant moved the court for a judgment on the ver-
dict for forty-four dollars and costs, being the amount
due in the action in which the attachment issued, as
shown by the evidence, and thereupon he released and
relinquished all claims for judgment in any greater sum.
The defendant, after this release, had no claim for any
sum greater than forty-four dollars and costs. The
release determined and limited the amount recoverable
upon the pleadings, for no sum greater than the amount
specified in the release could be recovered upon the
pleadings in this action. The amount which defendant
claims to recover is the amount in controversy in the
action. *Mohme v. Livingston*, 54 Iowa, 458 ; *Davis v.
Upright*, 54 Iowa, 752. The amount in controversy
being less than one hundred dollars, and the questions of
law for our determination not being certified as required
by Code, section 3173, we have no jurisdiction to deter-
mine the case.

The appeal is therefore DISMISSED.