[No. 2511.   Decided April 6, 1897.]

J. HUBER, *Respondent*, v. THOMAS R. BROWN *et al., as Receivers of the Seattle, Lake Shore and Eastern Railway Company, Appellants.*

APPEAL — AMOUNT IN CONTROVERSY.

Although a complaint for the recovery of the value of certain stock killed by the cars of defendant may have been based upon a statute awarding double damages as a penalty, yet where, prior to trial, in view of the unconstitutionality of such provision, the plaintiff dismisses from his complaint the paragraphs relating to such penalty and confines his recovery and prayer for relief to the actual value of the stock, thereby reducing the amount in controversy below the sum of $200, no appeal will lie from a judgment rendered in the action.

Appeal from Superior Court, Whatcom County.—Hon. JOHN R. WINN, Judge.   Appeal dismissed.

*Kerr & McCord, Carr & Preston,* and *W. R. Bell,* for appellants.

*Jeremiah Neterer,* for respondent.

The opinion of the court was delivered by

GORDON, J.—Respondent brought this action to recover the value of certain stock killed by an engine and cars of the appellants' railroad. The complaint alleges the value of the stock killed to have been $135. The prayer was for $270 and attorney's fees. The complaint was evidently drafted under ch. 128 of the Laws of 1893 (p. 418), § 3 of which provides for the recovery of double damages, and § 4, for attorneys' fees. These sections of the act were held unconstitutional in *Jolliffe v. Brown,* 14 Wash. 155 (44 Pac. 149, 53 Am. St. Rep. 868).

At the trial of the cause below, and while the jury was being empaneled, plaintiff's counsel moved the court to dismiss from the complaint paragraphs 5 and 6, and to wholly disregard the same, and announced that no testimony would be introduced in support of said paragraphs, because of the decision in *Jolliffe v. Brown, supra.* Counsel also stated that "the only recovery sought in the action is the value of the stock alleged to have been killed and claimed in the sum of $135;" and asked that "the prayer of said complaint be so modified as to correspond with the value of said stock, to-wit the sum of $135." Paragraphs 5 and 6 of the complaint contained allegations entitling plaintiff to double damages and attorneys' fees, under §§ 3 and 4 of the act already referred to. In charging the jury the court expressly told them that plaintiff's recovery could not exceed $135.

The respondent has moved to dismiss this appeal upon the ground that the amount in controversy does not exceed the sum of $200, and the action does not involve the legality of a tax, impost, assessment, toll, municipal fine or the validity of a statute. In opposition to the motion appellants insist that plaintiff's suit is based upon a statute for the recovery of a penalty; that the complaint was incapable of amendment, and that plaintiff, having "declared upon the statute, must recover, if at all, by virtue of the statute."

The motion to dismiss must be granted. With paragraphs 5 and 6 stricken from the complaint, the remaining paragraphs contain all the allegations essential to the recovery of the value of the stock killed, and this is sufficient under the Code. Code Proc. (vol. 2, Hill), § 185. No objection was made by appellants to plaintiff's motion striking these paragraphs from the complaint, or amending the prayer for judgment, and upon the trial no objection was

made to plaintiff's evidence in support of an action to recover the actual damages sustained. It is apparent, therefore, that the amount in controversy does not exceed the sum of $200, within the meaning of § 4, art. 4 of the constitution of the state. *Gabriel v. Seattle & Montana Ry. Co.,* 7 Wash. 515 (35 Pac. 410); *Henry v. Great Northern Ry. Co.,* 16 417 (47 Pac. 895).

The appeal is dismissed.

ANDERS, REAVIS and DUNBAR, JJ., concur.