[No. 4248.　Decided April 29, 1902.]

H. R. DODGE *et al., Respondents* v. B. F. CORLISS *et al., Appellants.*

APPEAL — AMOUNT IN CONTROVERSY — REDUCTION OF AMOUNT BY WAIVER — EFFECT.

In an action on an injunction bond to recover damages in the sum of $260, the action of plaintiffs before resting their case, in waiving all claims for attorney fees, which one paragraph of their complaint had claimed as an item of damages in the sum of $100, thereby reduced the amount in controversy to $160, and hence judgment therein would not be appealable, under the constitutional provision restricting the appellate jurisdiction of the supreme court in actions for the recovery of money to cases where the amount in controversy exceeds the sum of $200.

Appeal from Superior Court, Thurston County.—Hon. OLIVER V. LINN, Judge. Appeal dismissed.

*J. W. Robinson,* for appellants.

*Troy & Falknor,* for respondents.

PER CURIAM.—This is an action by the respondents against B. F. Corliss, as principal, and M. O'Connor and James McIntosh, as sureties, on a bond given in a certain action (No. 2238) in the superior court of Thurston county, in which a restraining order was issued. The penalty of the bond was in the sum of $200, and conditioned that B. F. Corliss would well and truly pay any damages that the respondents in this action might suffer by reason of said injunction. The fifth allegation of the complaint, in part, is as follows:

"That by the issuing of said injunction and restraining order referred to in paragraph 1 of this complaint, and continuance of same until hearing of the cause upon the merits, and the dissolution of the same upon the 23d day of October, 1899, these plaintiffs have been damaged and incurred costs as follows, to-wit: 1. In the employment of attorneys in making a motion to dissolve said restraining order and injunction, and in preparing affidavits in support thereof (said motion and affidavits being filed in said cause No. 2,238, on or about April 22, 1899), and also in the preparation of subsequent affidavits of H. R. Dodge and A. M. Hall in support of said motion to dissolve said temporary restraining order, filed in said cause 2,238 on or about May 2, 1899, and in the argument of said motion and consideration of said affidavits, in the sum of $100."

There were other allegations in the complaint, alleging other and additional damages, in the sum of $160. The prayer of the complaint was for a judgment against B. F. Corliss in the sum of $260 and for costs. Issue was joined on these pleadings, and on the trial of the cause, and before the same was submitted to the jury, the record shows the following: "The plaintiffs before resting their case, and before going to the jury, waived all claims for attorney fees, and the same was withdrawn from the consideration of the jury." A motion has been interposed

by the respondents to dismiss this appeal for several reasons, among which is the following: That at the trial of this action plaintiffs waived the item of $100 as attorney fees claimed in the complaint, thereby reducing the original amount in controversy to the sum of $160, and that this court has not jurisdiction, therefore, to entertain this appeal.

We think that the motion to dismiss the appeal must be sustained. The constitution provides that this court shall have appellate jurisdiction in civil actions for the recovery of money when the original amount in controversy exceeds the sum of $200. When the respondents released $100 of their original claim, the amount in controversy was reduced to $160. In voluntarily withdrawing this amount from the consideration of the jury, the respondents, in effect, struck from the complaint the allegation demanding damages for the sum of $100 for attorney fees, and thereby reduced their claim to a sum below the jurisdiction of this court. We held in *Huber v. Brown*, 17 Wash. 4 (48 Pac. 412), that, where the plaintiff waived or withdrew items of sufficient amount to leave a balance claimed below the jurisdictional amount, the case thereby became one of which this court could not take jurisdiction. At the time this cause went to the jury there was involved in the case only $160, and that must be held to be the amount in controversy: See, also, the following cases: *Neal v. Van Winkle*, 24 W. Va., 401; *Nevada v. Klum*, 76 Iowa, 428 (41 N. W. 62); *Pacific, etc., Cable Co. v. O'Connor*, 128 U. S. 394 (9 Sup. Ct. 112).

The motion is therefore granted.