[No. 5586.   Decided January 5, 1906.]

H. O. DURK *et al., Appellants,* v. M. C. SCULLY *et al., Respondents.*[1]

APPEAL — DISMISSAL — GARNISHMENT—AMOUNT IN CONTROVERSY— JURISDICTIONAL REQUISITE. A garnishment proceeding upon a judgment for $225, upon which $100 had been paid and credited, is an action at law for the recovery of money involving less than $200, and no appeal lies to the supreme court.

SAME—GARNISHEE—RIGHT OF APPEAL—JUDGMENT—EFFECT—COSTS. A garnishee who claims no interest in a fund of $225 in its hands (less than $200 of which was in controversy between the parties), which was ordered to be paid over to an intervener, without costs to the garnishee, is not entitled to appeal from the judgment on the theory that as to it, the $225 was the amount in controversy.

SAME—COSTS. The failure to award costs to a garnishee against whom no judgment was entered, cannot be made the basis for the right to an appeal by the garnishee.

Appeal from a judgment of the superior court for King county, Griffin, J., entered October 10, 1904, upon findings

1Reported in 83 Pac. 426.

in favor of an intervener, after a trial on the merits before the court without a jury, awarding the ownership of funds in possession of a garnishee. Appeal dismissed.

*Allen, Allen & Stratton* and *Wilshire & Kenaga,* for appellants.

*Roberts & Leehey* (*L. V. Ray,* of counsel), for respondents.

PER CURIAM.—In November, 1903, the appellant H. O. Durk recovered a judgment against M. C. Scully for the sum of $250, and costs of action amounting to $17.20. Thereafter he sued out a writ of garnishment, and caused the same to be served on the appellant Fidelity Deposit and Trust Company, requiring it to answer what amount, if any, it was indebted to Scully, and what effects if any it had in its possession or under its control belonging to Scully. The garnishee answered to the effect, that it did not have any money or property which to its knowledge belonged to Scully, but that to secure it against its liability for becoming surety on the bond of Scully, Scully had delivered to it a certified check of one thousand dollars, drawn on the American Savings Bank and Trust Company by the Queen City Cigar Company, which it had afterwards cashed; that, after the service of the writ upon it, but prior to the time of the release of the obligation it had entered into on behalf of Scully, it had been notified that the money was the property of the Queen City Cigar Company, and had been assigned and transferred to the American Savings Bank and Trust Company by the Cigar Company; and that it had thereupon paid over to that company $775 of the money, but held $225 thereof pending the determination of the ownership of the same.

Durk controverted the answer, contending that the money was the money of Scully; that Scully and the Queen City Cigar Company were one and the same person; and that the garnishee was liable to answer to the amount of his judgment notwithstanding the assignment. Pending the trial of this

issue, the American Savings Bank and Trust Company asked
and obtained leave to intervene in the proceeding, and there-
after filed its pleading therein claiming to own the money
by virtue of the assignment made to it by the Queen City
Cigar Company. This pleading was also controverted by
Durk. Thereafter the issues were tried out before the court,
and resulted in the following judgment:

"This cause having regularly come on to be heard, before
the Honorable Arthur E. Griffin, one of the judges of this
court, on the 13th day of September, 1904, . . . by agree-
ment of all parties, a jury was waived, and the case submitted
for trial to the court. Plaintiff introduced his evidence and
rested. Intervener introduced his evidence and rested, and
the garnishee, through its counsel, having stated to the court
that it took issue with neither party, and the court, after hav-
ing heard the evidence offered, the arguments of counsel, and
being fully advised in the premises, finds upon the issues
joined, that the money in question, to wit: The sum of two
hundred twenty-five dollars, in the hands of the Fidelity &
Deposit Company of Maryland, garnishee, belongs to the
intervener, American Savings Bank & Trust Company, a cor-
poration, and that said corporation is entitled to recover the
same, and that the garnishee, the Fidelity & Deposit Com-
pany of Maryland, has not, and did not have, in its posses-
sion, or under its control, when served with garnishment sum-
mons, any money belonging to M. C. Scully, and was not
indebted to him, and that said garnishee should be discharged
as garnishee herein upon its answer and the evidence offered.

"It is therefore ordered, adjudged and decreed that the
intervener, American Savings Bank & Trust Company, a
corporation, is entitled to receive the money in controversy
in the hands of the garnishee, in the sum of two hundred
twenty-five dollars, and to recover from plaintiff herein its
costs, taxed at $......; that the garnishee, Fidelity & De-
posit Company of Maryland, be, and is, hereby discharged as
garnishee without costs of any kind to be taxed against said
garnishee."

From this judgment, Durk and the garnishee both appeal.

On the trial it appeared that, prior to the issuance of the
writ of garnishment, Scully had paid to Durk $100 to be

credited on the judgment and that there was, at the time the writ was sued out, less the $200 due thereon, and that the amount now in controversy in this proceeding is, and at all times has been, less than $200. Based on this fact the respondent moves to dismiss this appeal on the ground that this court is without jurisdiction. We think the motion must be granted. This is an action at law to recover money, and as the amount in controversy is less than $200, this court is without jurisdiction by virtue of sec. 4 of art. 4 of the state constitution.

The garnishee appellant contends that as to it the amount in controversy is $225, and that a judgment has been entered against it for that amount. But the appellant is mistaken as to the effect of the judgment rendered. It is not a judgment against it, and no execution could be issued against it for the money in its possession. True, costs were not awarded this appellant, but the refusal to award it costs, even though it were found to be entitled to them, does not give it the right of appeal.

The appeal is dismissed