# CHARLESTON.

BANK OF UNION v. BAIRD *et al.*

Submitted March 19, 1912.    Decided September 30, 1913.

1.  PRIOR CASE APPROVED AND REAFFIRMED.
    Points 1, 2, 3, 4, 6, 7 and 8 of the syllabus in *Bank of Union* v. *Loeb Shoe Co.,* 76 S. E. 883, approved and reaffirmed. (p. 717).

2.  TIME—*Process—Time for Return—"Month."*
    The summons of a justice issued August 24, 1901, and returnable September 24, 1901, is not invalid under § 202, Ch. 50, Code 1906. Being returnable on the day of the next succeeding month corresponding with its date, it, by proper construction, conforms to the requirement of that section that it shall be returnable not less than one month after its date. (p. 718).

(ROBINSON, JUDGE, and POFFENBARGER, PRESIDENT, dissenting.)

Error to Circuit Court, Kanawha County.

Action by the Bank of Union against A. Baird, trading, etc., and others. Judgment for defendants and plaintiff brings error.

*Reversed and Remanded.*

*A. M. Prichard, S. S. Green* and *A. P. Hudson,* for plaintiff in error.

*Couch & Briggs,* for defendants in error.

LYNCH, JUDGE:

The fund involved, the questions for determination except two, and the parties interested save the defendant Hooton & Baird Company, are the same fund, questions and parties as those involved in *Bank of Union v. Loeb Shoe Co.*, 76 S. E. 883, recently decided by this court. In each case, the controversy is between attaching creditors of Thomas Watson, an absconding debtor, who failed to appear. The opinion in the Loeb case so fully discusses the legal questions involved that repetition thereof would avail nothing. The principles thereby announced and sustained by sound reasoning and authority, are applicable and applied to the controverted facts of the present case.

The two questions distinguishing this from the Loeb case are, first, whether the amount involved is sufficient to sustain jurisdiction here on writ of error; and, second, whether the second summons required by § 202, Ch. 50, Code, the first not having been served on Watson, who did not appear, is legally sufficient thereunder.

The first was discussed by Judge MILLER in the Loeb case, but not decided because not necessary. It relates to the inclusion of the costs incurred by the garnishee on appeal from the judgment of the justice to the Intermediate Court of Kanawha county to test the validity of the attachment proceedings of Baird before the former. The garnishee, being a mere stakeholder, may, when the debtor is served with process to answer or is present defending the action, disregard any irregularity in such proceedings. But, otherwise, he pays a judgment or order against him at his peril. To this end, he is allowed to charge the fund in his hands to the extent reasonably necessary to test the validity of the proceedings. *Railroad* v. *Rogers*, 52 W. Va. 450; Drake on Attachments, §§ 692-8; 8 Am. & Eng. Enc. Law 1218. Therefore, the costs incurred by the Charleston National Bank, on the writ of error to the Intermediate Court, are properly payable out of the funds in its hands. To this extent, the fund is depleted to the injury of the Bank of Union, should it appear that the Baird judgment is valid and a binding charge against the funds in controversy. It is therefore proper

to include these costs. Including them, the amount in controversy is sufficient to sustain appellate jurisdiction.

As to the second question, § 202, Ch. 50, Code, provides that where the first summons issued by a justice in proceedings by attachment is not served on the defendant, and he does not appear to answer, there shall issue a second summons returnable "not less than one or more than two months after its date." The summons so required and issued was dated August 24, and made returnable September 24, 1901. The bank of Union contends that the return day is less than one month *after* the date of issuance. We decline to give assent to that view. The time intervening is one month, and not less. By §14, Ch. 13, Code, the word "month," when used in a statute, means a calendar month; that is, the period of time intervening between any date of one month and the corresponding date in the next succeeding month, when the latter has that number of days. Or, as generally stated, "it means a month as designated in the calendar, without regard to the number of days it may contain, and is to be computed not by counting days but by looking at the calendar; and it runs from a given day in one month to a day of the corresponding number in the next month, except where the last month has not so many days, in which event it expires on the last day of that month." 38 Cyc, 312, 313; *Daley* v. *Anderson,* 7 Wyo. 1, 75 Am. St. 870; *McGinn* v. *State,* 46 Neb. 427, 50 Am. St. 617, 30 L. R. A. 450; *Trust & Deposit Co.* v. *Buddington,* 27 Fla. 215, 9 So. 246, 12 L. R. A. 770; *Re Gregg's Est.* (Pa.), 62 Atl. 857; *Williams* v. *Farrow,* 1 Bailey (S. C.) 611, 21 Am. Dec. 492.

But the bank places stress upon the word "after," as used in the section, and argues that a month after August 24, the date of the summons, would not end until September 25. It is pertinent to inquire what is the date for the expiration of the first month after August 24, in view of the meaning of the word "month" prescribed by statute and as defined by the authorities cited. Is it not the corresponding date in the ensuing September? From August 24 to September 24 is one month, and the first and only period of one month after the first date. To September 25 is one month and one day after August 24. The legislature evidently intended the calendar month, after the date

of the summons, as the month expiring on the corresponding date in the next succeeding month. See *State* v. *Mounts*. 36 W. Va. 179. The propriety of this construction seems so obviously manifest that further discussion seems unnecessary.

We reiterate the principles announced in the Loeb case, so far as applicable, and apply them to the facts here, which, as stated, are in the main those involved in the former. We hold that the Bank of Union attachment is valid; that the Baird attachment is invalid, because of the imperfect affidavit on which it is based; that the amount in controversy exceeds one hundred dollars; that a subsequent attaching creditor has a right to contest the validity of a prior attachment on the same fund; and that both summonses issued by the justice in the Baird attachment proceedings, under §§ 26 and 202, Ch. 50, Code, are sufficient.

As in the Loeb case, so in this, we think there is error in the judgment of the Intermediate Court of Kanawha county of July 21, 1910, and for which we reverse it and remand the case, to be further proceeded in according to the principles enunciated in both cases and further according to the rules and principles of law governing the trial of like cases.

*Reversed and Remanded.*

ROBINSON, JUDGE, (*dissenting*) :

The affidavit for the Baird attachment is sufficient. The judgment ought to be affirmed.

POFFENBARGER. PRESIDENT, concurred.