# CHARLESTON.

LAWRENCE A. CATHER v. UNITED MINE WORKERS OF AMERICA
*et al.*

(No. 5520)

Submitted October 28, 1925.    Decided November 10, 1925.

1. GARNISHMENT—*After Approval of Defendant's Forthcoming Bond and Filing Without Objections, it is Error to Order Garnishee to Pay Over Attached Funds to Receiver or Give Forthcoming Bond.*

   Where an attachment is sued out in equity, and there is a garnishment of funds of the defendant in a bank, and the defendant executes a forthcoming bond agreeably to the provisions of section ten, chapter one hundred and six, Code, and said bond is approved as sufficient by the officer making

the levy, and returned and filed in the office of the clerk of the court in which said attachment was issued, and there are no exceptions or objections taken to said bond within thirty days, the defendant is entitled to have released the attached funds in the hands of the garnishee, in order to have them forthcoming in response to the obligation of said bond; and, it is error for the court thereafter, and before determining the status of the property attached and the rights of the parties to the garnishment proceeding in respect thereto, to appoint the plaintiff a receiver, without bond, and order the garnishee to pay over the attached funds to said receiver, or in lieu thereof require the garnishee to execute bond, with surety, in penalty of double the value of the attached funds, conditioned on having them forthcoming at such time and place as the court might thereafter require. (p. 362.)

(Garnishment, 28 C. J. § 582.)

2. APPEAL AND ERROR—*Erroneous Order Requiring Garnishee of Attached Funds to Pay Them to Receiver or Give Forthcoming Bond Held to Give Garnishee Right of Appeal.*

The foregoing order, in effect changing the possession of the attached property, even though it be upon condition, prejudices the rights of the garnishee, thereby giving it the right of appeal. (p. 366.)

(Appeal and Error, 3 C. J. § 504.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Marion County.

Suit by Lawrence A. Cather, Clerk, against the United Mine Workers of America and others, in which the National Bank of Fairmont was garnishee. After an order requiring the garnishee to pay attached funds to a receiver or give a forthcoming bond, the garnishee brings error.

*Order set aside; reversed, and annulled.*

*Charles Powell* and *A. F. McCue,* for plaintiff in error. *Henry S. Lively,* for defendant in error.

WOODS, JUDGE:

The plaintiff instituted a suit in chancery on the 6th day of June, 1925, returnable at July Rules, 1925, against United

Mine Workers of America and a large number of other de-
fendants, and on the same day sued out an order of attach-
ment and designated the National Bank of Fairmont, gar-
nishee, as being indebted to and having in its possession
money belonging to the other defendants, such order of at-
tachment being returnable as to the garnishee at the next
term of Court, and being delivered to the sheriff of Marion
county and by him, through a deputy, served on the gar-
nishee on June 6, 1925. On June 10th, the garnishee filed
its answer in writing (the plaintiff assenting to that manner
of answering), admitting liability to one defendant because
of having its money in possession to an extent sufficient to
pay the amount stated in the order of attachment ($2,006.85)
and the costs of suit, and denying liability to the other de-
fendants. On June 19th (which was before the prospective
amount of costs was determined) United Mine Workers of
America, the defendant whose money in the possession of the
garnishee had thus been attached, presented to the sheriff of
Marion county a forthcoming bond in the penalty of $4,200.00,
with sureties, payable to the plaintiff, conditioned to have
the sum so attached (that is, a sum equal $2,006.85 and all the
costs of suit then or thereafter incurred) forthcoming at such
time and place as the said court might require to answer
the said attachment, the sureties in which bond were ap-
proved, and the said bond was approved, by said sheriff on
June 19th, and after which approval said bond was by him
returned to the clerk's office of said court on the same day,
and was on that day filed therein by the clerk. No objections
were made or exceptions taken by the plaintiff as to the suf-
ficiency of said bond, or the sureties in the same, or other-
wise.

This situation existed, when on June 22nd, plaintiff moved
the court to enter an order requiring the garnishee to de-
liver the sum of $2,200.00, representing the plaintiff's claim
and the accrued costs, to a person appointed as receiver, the
court thereupon appointing the plaintiff L. A. Cather, as such
receiver, without bond. The garnishee resisted said motion
and presented an affidavit of one of the defendants, setting
up the execution, approval and filing of the forthcoming

bond hereinbefore referred to, and as a part thereof a certified copy of said bond. The court having read and inspected the said affidavit and certified copy of the bond attached to the same as part thereof, directed the same to be filed and made a part of the record. But, the court ordered and directed the garnishee to pay the said sum of $2,200.00 to said receiver, or to give a bond in the penalty of $4,400.00, conditioned to pay the said sum of $2,200.00 so due by it, and have the same forthcoming at such time or place as the court might thereafter require. Thereupon, under protest, the garnishee tendered and filed the forthcoming bond in the penalty required by the order. The garnishee excepted to the said complained of judgment and order of the court. The bill in the cause had not been filed at the time the said actions were taken by the court, nor was it filed at the July Rules, 1925. After waiting more than thirty days and no objections or exceptions having been taken to said forthcoming bond, the garnishee applied for and obtained this writ of error.

The issue arising from the facts above stated is seen to be the question of the right of the plaintiff, after the said forthcoming bond was given, accepted, approved, returned and filed, without objection of any character then or thereafter made thereto, to have a receiver appointed and to require the garnishee to pay over said attached money to the receiver,—in this instance the plaintiff—or in lieu thereof to require the garnishee to give bond to pay the said money so due by it and have the same forthcoming at such time and place as the court might require.

The plaintiff seeks to uphold the order here complained of on two grounds: (1) That no one can correct, either by appeal or writ of error, an error not aggrieving him; and (2) that a garnishee is not aggrieved by an order of court directing him to pay into the court funds in his hands belonging to a defendant to the proceeding or to give a forthcoming bond for such fund.

The determination of the question depends upon the force and effect of a forthcoming bond given in attachment proceedings. The right of the defendant to retain and secure

possession of his property attached is recognized in all of the states. This may be done in either of two ways: (1) By the execution of a forthcoming bond; or (2) by the payment of the value of the property attached into court. 6 C. J. 327. So much of our statute as applies here, chapter 106, section 10, 11, 14, Code, provides:

> Section 10.—''Any property levied on or seized as aforesaid, under any attachment, where the plaintiff has given bond, may be retained by, or returned to, the person in whose possession it was, on his giving bond, with condition to have the same forthcoming at such time and place as the court may require; or the defendant against whom the claim is, may release from any attachment the whole of the estate attached, by giving bond, with condition to perform the judgment or decree of the court. The bond, in either case, shall be taken by the officer serving the attachment, with security, payable to the plaintiff, and in a penalty, in the latter case, at least double the amount or value for which the attachment issued, and in the former, either double the same or double the value of the property retained or returned, at the option of the person giving it.''

> Section 11.—''Every such bond shall be returned by the officer to, and filed by, the clerk of the court in which the suit is pending, or to which the attachment is returnable; and the plaintiff may, within thirty days after the return thereof, file exceptions to the same, or to the sufficiency of the security therein. If such exceptions be sustained, the court shall rule the said officer to file a good bond, with sufficient security to be approved by it, on or before a certain day to be fixed by the court. If he fail to do so, he and his sureties in his official bond shall be liable to the plaintiff as for a breach of such bond. But the officer shall have the same rights and remedies against the parties to any bond so adjudged bad, as if he were a surety for them.''

> Section 14.—''When any garnishee shall appear, he shall be examined on oath. If it appear on such

> examination, or by his answer to a bill in equity, that at or after the service of the attachment he was indebted to the defendant against whom the claim is, or had in his possession or control, any goods, chattels, money, securities or other effects belonging to the said defendant, the court may order him to pay the amount so due by him, and to deliver such effects to such person as it may appoint as receiver; or such garnishee, with leave of the court, may give bond, with sufficient security, payable to such person and in such penalty as the court may prescribe, with condition to pay the amount due him and have such effects forthcoming at such time and place as the court may thereafter require."

Although the plaintiff gave no bond here, the defendant elected to give a forthcoming bond under the first provision of section ten, that the property levied on "might be retained by * * * the person in whose possession it was", at the time of the levy. That the defendant under this statute is clothed with the right to retain possession of the property attached by giving a forthcoming bond has been more than once announced by this court. In *Connell* v. *Yost,* 62 W. Va. 66, the plaintiff complained that he was unable to continue the operation for the drilling of the wells under a contract between himself and defendant on account of an attachment having been levied on his oil leaseholds at the instance of defendant, and the court there said: "This allegation is met by section 3545, Code 1906, (section 10, chapter 106), providing that the owner of the property attached may release the same on giving a forthcoming bond, when he could continue his operations if he so desired." The case of *Distilling Co.* v. *Himmel,* 74 W. Va. 756, is in line with the foregoing. In the course of the opinion the court stated: "Section 10, Ch. 106, serial section 4464, Code 1913, provides for the retention of attached property by the owner, or its return to the person in whose possession it was, on giving bond with condition to have the same forthcoming at such time and place as the court may require." Referring to the effect of this bond, the court further said: "[It] is to enable .

the party [meaning of course the owner] in whose posses-
sion the property is to retain it without affecting the attach-
ment.''

We are met with the question of whether such forthcoming
bond, as provided for in section ten, may be required or taken
when the attachment is for the garnishment of funds in the
hands of another, as is the case here. It will be observed that
section fourteen provides a manner of disposing of the prop-
erty in the hands of a garnishee. Does this section operate
to prevent a defendant from retaining possession of goods,
chattels and other effects in the hands of another, when
levied on under process of garnishment, by giving a forth-
coming bond under the tenth section? Our statute (section
5, chapter 106) in defining the property subject to attach-
ment, in addition to levying upon any estate, real or per-
sonal, of the defendant, provides that the plaintiff, by an en-
dorsement on the order, may designate ''any person  *  *  *
having in his possession'' the effects of the defendant. The
statute makes service of the attachment order and endorse-
ment upon the person in possession of the defendant's chat-
tels, a sufficient levy. Whether it is taken in actual custody
of the officer, or attached as property in the possession of
another, it is alike the property of the defendant, seized
by the virtue of the process. It is his property attached,
under either method, designed to secure and eventually pay
any judgment which the plaintiff may recover. Under the
plain reading of the statute, and the obvious purpose of the
seizure, it seems plain that where the property of the de-
fendant is held by a third person it may be discharged by giv-
ing a forthcoming bond. If not so, why the words employed
in section ten: ''Any property levied on  *  *  *  may be
retained by, or returned to, the person in whose possession
it was, on his [defendant] giving bond''? There is nothing
to indicate that this applies to the property attached in one
mode rather than another. True, it more naturally applies
to cases where the property is taken into actual custody; but
we see no reason why it may not also legitimately apply,
where the defendant wishes to release and have the use of
his property, in the hands of a third person, whether this

property should consist of a sum of money in a bank, as in this case, or other personal chattels. To hold otherwise would be to nullify the equitable remedy afforded a debtor by the tenth section. Thus, we see that the right of defendant to give the forthcoming bond in the instant case, and have his property in the hands of the garnishee released, under the statute as interpreted by the decisions of this court, is unquestionable. The bond stands in the place of the property released from the attachment. *Dewey* v. *Kavanaugh,* 45 Nebr. 233; *Hilton* v. *Consumers' Can Co.,* 103 Va. 255; *Day* v. *McPhee,* 41 Col. 467. The plaintiff was given thirty days by the statute to file exceptions to the bond. He did not do so. There is no evidence in the record that the bond was not good and solvent. There was no application for additional security. Section eleven expressly says that, if the exceptions to the bond be sustained, the ''court shall rule the said officer to file a good bond, with sufficient security to be approved by it, on or before a certain day to be fixed by the court'', thus impliedly showing that the defendant is to be given the right to perfect a bond already given in order to retain control and custody of the attached property during litigation.

The defendant, then, stood entitled to a release of the attached property, and its restoration to him, or, at his election, to its retention by the garnishee. This was the status of the case when the court before whom the attachment was sued out and with the approved forthcoming bond recorded in the office of its clerk, and with a certified copy thereof before it in proof, entered the order directing the garnishee to pay the attached money to a receiver, appointed by it, to receive the fund or to give a forthcoming bond in lieu thereof. The record discloses no reason for the appointment of a receiver other than to demand, receive and hold this fund. In the case here there has been no order or judgment upon the disclosure of the garnishee entered by the court, under the opinion or decision of the judge, fixing the status of the property which is attached by the service of the garnishee summons or the rights of the parties in the garnishee proceedings in respect thereto. It has been held that, in an action to re-

cover money, plaintiff is not entitled to a judgment, where the money sought to be recovered is subject to an undetermined garnishment, although as between plaintiff and defendant the right to recover is complete. *Bank* v. *Bank,* 125 Minn. 262. In Tennessee, under a statute as to forthcoming bonds similar to ours, the court in *Manufacturing Co.* v. *Williams,* 63 S. W. 185, held that under such statute providing that defendant in attachment may replevy the property attached by giving bond in double the value of the property, conditioned otherwise according to law, where such bond has been given and the property delivered to the defendant, the bond stands in place of the property, and the court cannot appoint a receiver to take charge of it. Regardless of the right of the court to appoint such receiver in the case under consideration, from the principles heretofore announced, it seems plain that the court erred in directing the order commanding the garnishee to pay the fund into court or to give bond in lieu thereof. This in effect changes the possession of the property here in question, even though it is upon condition, and makes it an appealable order under chapter 135, section 1, sub-section 8, Code.

But, attorney for the plaintiff, while practically admitting that the foregoing action was error, maintains that the garnishee was not in any wise prejudiced thereby. He cites *Germania Savings Bk.* v. *Peuser,* 40 La. Ann. 796, 5 So. 75; *Durk* v. *Scully,* 41 Wash. 357, in support of his contention that the garnishee has no interest in the matter, and claims none, and therefore has no right to appeal. The cases cited are unlike the case under consideration, in this, that there was no bond given. It is true that after the levy of garnishment the property is, or debt reached is, ordinarily regarded as in *custodia legis* and the garnishee is a mere stakeholder who must not do any voluntary act to the prejudice of either the plaintiff or the defendant. *Ringold* v. *Suiter,* 35 W. Va. 186. Summarizing, here, the garnishee holds the money belonging to the defendant attached, but released to the owner through its bond, with the right of the owner to take said money from it. Before the owner does so take it into actual custody, but with the right to do so hanging

over it, the plaintiff takes an order over garnishee's protest, requiring it to pay the money to plaintiff as receiver, with no bond provision as to him; or give bond to pay the money and have it forthcoming upon the order of the court. Thus the garnishee is liable to the owner on demand, which we have shown to constitute the prior and binding right and liability in the situation, and at the same time is made liable to the plaintiff as receiver without bond, to pay and have the money forthcoming. Hence, it is made liable for the same money to two different persons at the same time. The law will not permit it to be so imperiled. Though a stakeholder, it pays a judgment or order at its peril. *Bank of Union* v. *Baird,* 72 W. Va. 716. It may be said that the garnishee is estopped from complaining by its act of giving the bond. It was between Scylla and Charybdis. Why then is not the garnishee interested and also prejudiced? We think it is.

The order appealed from, therefore, is set aside, reversed and annulled.

*Order set aside; reversed and annulled.*