[No. 24619. Department One. November 27, 1933.]

FRANCIS M. MOORE, *Respondent,* v. ARTHUR L. MYERS, *as Administrator, Appellant.*[1]

*H. E. T. Herman* and *Nuzum & Nuzum,* for appellant.

*John E. Blair* and *E. Ben Johnson,* for respondent.

MAIN, J.—The plaintiff brought this action against the administrator of the estate of Mary O. Moore, deceased, to recover for services rendered and moneys advanced. The cause was tried to the court without a jury, and resulted in findings of fact from which it was concluded that a recovery could be had. Judgment was entered against the defendant for the sum of $60.50, from which he appeals.

Mary O. Moore died February 23, 1932, and thereafter Arthur L. Myers was appointed administrator of her estate and qualified as such. Subsequently, the respondent presented a claim against the estate, which contained a number of items which amounted to the

[1]Reported in 27 P. (2d) 117.

total sum of $292.70, which claim was rejected, and the present action followed.

In the complaint, there are nine or ten different items for which recovery is sought, and a paragraph is devoted to each separate item. The aggregate amount of the items, as stated in the complaint, is the same as that stated in the claim. When the cause of action was called for trial, the plaintiff waived, and, in effect, struck from the complaint, a number of the items, which brought the aggregate amount down to one hundred fifty dollars or less. The amount over which the controversy was waged, and which was submitted to the court, was the last mentioned sum. As stated, judgment was entered in favor of the respondent for the sum of $60.50. The respondent moves to dismiss the appeal because the amount in controversy did not exceed two hundred dollars.

■ Article IV, § 4, of the constitution provides that the appellate jurisdiction of this court shall not extend to civil actions at law for the recovery of money where the original amount in controversy does not exceed the sum of two hundred dollars. Where the complaint alleges an amount greater than two hundred dollars, and where, upon the trial, the plaintiff waives one or more items which reduces that amount to less than two hundred dollars, the amount over which the controversy is waged, and which is submitted to the trier of the facts, determines whether there is an appeal under the constitutional provision mentioned. *Huber v. Brown,* 17 Wash. 4, 48 Pac. 412; *Dodge v. Corliss,* 28 Wash. 474, 68 Pac. 869. In the case last cited, it was said:

"At the time this cause went to the jury there was involved in the case only $160, and that must be held to be the amount in controversy. [Citing authorities.]"

The appellant says that the amount in controversy was determined by the amount for which the claim was presented to the administrator, and cites the case of *National Surety Co. v. Bratnober Lumber Co.,* 67 Wash. 601, 122 Pac. 337, as supporting this contention. In that case, however, there was no difference, as appears from the opinion, in the amount for which respective claims were presented against the contractor's bond and the amount over which the controversy was waged in the trial of the action and submitted to the court, and therefore the case is not in point upon the question here presented. In the present case, the amount in controversy was the amount of the items remaining after the respondent waived certain items and thereby, in effect, struck them from the complaint. The amount over which the controversy was waged and submitted to the court was the sum of one hundred fifty dollars or less, and therefore was not within the appellate jurisdiction of this court.

The appeal will be dismissed.

BEALS, C. J., MITCHELL, STEINERT, and MILLARD, JJ., concur.