# Richmond

## Jacob Cousins v. Commonwealth of Virginia.

April 26, 1948.

Record No. 3384.

Present, Hudgins, C. J., and Gregory, Eggleston, Spratley and Miller, JJ.

The opinion states the case.

*Williams, Miles & Williams* and *William H. Parker, Jr.,* for the plaintiff in error.

*Henry T. Wickman, Special Assistant to the Attorney General,* for the Commonwealth.

SPRATLEY, J., delivered the opinion of the court.

The final judgment to which this writ of error was obtained was rendered July 22, 1947. The petition for the writ was filed on November 24, 1947. The Commonwealth has moved to dismiss the writ on the ground that the petition therefor was not presented within four months as required by Virginia Code, 1942, (Michie), section 6337.

Code, section 6337 reads, "No petition shall be presented for an appeal from, or writ of error or supersedeas to, any final judgment, decree, or order, whether the Commonwealth be a party or not, which shall have been rendered more than four months before the petition is presented * * *."

By Virginia Code, 1942, (Michie), section 5(7), the word "month" when used in a statute means a "calendar

month," or, "as generally stated, it means a month as designated in the calendar, without regard to the number of days it may contain, and is to be computed not by counting the days, but by looking at the calendar, and it runs from a given day in one month to a corresponding number in the next month, except where the last month has not so many days, in which event it expires on the last day of that month." *Bank* v. *Baird*, 72 W. Va. 716, 79 S. E. 738; *Hurley* v. *Bennett*, 163 Va. 241, 244, 176 S. E. 171; *Cochran* v. *Commonwealth*, 122 Va. 801, 812, 94 S. E. 329.

Subsection 8 of our Code, section 5, provides that, "* * * where a statute requires a notice to be given or any other act to be done within a certain time after any event or judgment, that time shall be allowed in addition to the day on which the event or judgment occurred."

See *School Board* v. *Alexander*, 126 Va. 407, 101 S. E. 349, and *Harris* v. *Sparrow*, 146 Va. 747, 132 S. E. 694, with reference to computation of time with which bills of exception must be signed. Virginia Code, 1942, (Michie), section 6253.

From July 22, 1947, the day of the judgment, four calendar months would extend to November 22, 1947. Since the day of the judgment must be excluded in the computation of time, the four-month period began to run with the advent of July 23rd, and expired with the departure of November 22nd, that is, at midnight of November 22nd. The following day, November 23rd, was a day within another period of time.

November 22, 1947, fell on a Saturday. The defendant contends that Saturday is a legal holiday, and since it is followed by Sunday, neither day should be included within the computation of the four-month period for the filing of his petition. It is conceded that if the last day for filing fell on Sunday that the time limit was extended to the Monday following. Virginia Code, 1942, (Michie), section 5 (9). *Bowles* v. *Brauer*, 89 Va. 466, 467, 16 S. E. 356; *Lakeside Inn Corp.* v. *Commonwealth*, 134 Va. 696, 700, 114 S. E. 769; *Harris* v. *Sparrow, supra.*

■ Legal holidays have generally not been placed on the same basis in the transaction of business as Sunday. 52 Am. Jur., Time, section 19; 26 R. C. L., Time, section 23. Our statute* does not make the same provision for Saturday that it does for Sunday.

Virginia Code, 1942, (Michie), section 5758, after declaring certain named days to be holidays, provides further that, "Whenever any of said days shall fall on Sunday, the Monday next following such day, and any day appointed by the Governor of this State or the President of the United States, and every Saturday after twelve o'clock, noon, shall be a legal holiday as to the transaction of all business. But no contract made, instrument enacted, or act done on any of said public holidays, or on any Saturday, whether before or after twelve o'clock noon shall be thereby rendered invalid, and nothing in this section shall be construed to prevent or invalidate the entry, issuance, service or execution of any writ, summons, confession, judgment order or decree, or other legal process whatever, or the session of the proceedings of any court or judge on any of the said public holidays or Saturdays, either before or after twelve o'clock noon * * *."

■■ In Virginia, Saturday has not been made a legal holiday for all purposes or for the purpose of exclusion in the computation of time in which a procedural action should be done. Up to noon it is a business day, the same as any other business day. The remainder of the day is not *dies non juridicus and* judicial acts and business transactions then performed are valid. There is nothing in our statutes which excuses one from presenting a petition for a writ of error or appeal, either before or after twelve o'clock noon on Saturday.

In *Blige v. State*, 72 Ga. App. 438, 33 S. E. (2d) 917, 919, the defendant contended that he had until the second

*Virginia Code, 1942 (Michie), section 5 (9). "Where a court is directed to be held, or any other proceeding directed by law to take place, on a particular day of a month, if that day happen to be Sunday, the court shall be held or the proceeding take place on the next day."

day of January to present a bill of exceptions because the last day under the statute in which it could have been presented fell on January 1st, a holiday. Said the court:

"* * * With this view we can not agrée. While the first day of January is a legal holiday, it is not *dies non juridicus*. The position of counsel would be true if the first day of January had been also the Sabbath day. * * *"

The time limit fixed by Code, section 6337 is jurisdictional. If that time is permitted to elapse before petition for appeal is presented, the petitioner is without remedy. The situation is not different where a remedy is barred by a statute of limitation. *Johnson* v. *Merritt*, 125 Va. 162, 166, 188, 99 S. E. 785; *Tyson* v. *Scott*, 116 Va. 243, 250, 81 S. E. 57.

For the foregoing reasons, the writ of error and supersedeas must be dismissed as improvidently awarded.

*Dismissed.*