824

[No. 32737.   Department One.   June 3, 1954.]

E. R. WOCKNER, *Respondent,* v. HEINZ SPINGELT *et al.,*
*Appellants.*[1]

*Royal & Abbott,* for appellants.

*Yothers, Luckerath & Dore,* for respondent.

PER CURIAM.—This suit began as an action in replevin to
recover possession of an automobile or for the sum of
twenty-seven hundred dollars, the alleged value thereof,
together with attorney's fees in the sum of four hundred
dollars.

The action grew out of a dispute between plaintiff and
defendants as to the contract price for the automobile.
Plaintiff alleged that the contract price was $2,805.62 and
that $1,772.10 had been paid thereon, leaving a balance of

[1]Reported in 271 P. (2d) 438.

$1,033.52 which was due. Defendants, in their answer, alleged that the contract price was $2,717.62, and that, after the payment of $1,772.10, the amount owing was $945.52.

Before suit was brought, defendants tendered $945.52 to plaintiff, in full payment of the purchase price. Plaintiffs refused this tender, but offered to accept that sum in partial payment and sue in justice court for the eighty-eight-dollar balance in dispute. Defendants rejected this offer. However, at the time of filing their answer in this action, they paid $945.52 to the clerk of the court.

The automobile was seized by the sheriff on a writ of replevin. Shortly thereafter, it was returned to defendants upon the posting of a redelivery bond. Defendants' answer contained a cross-complaint, in which a judgment in the sum of $10,693.25 was sought for harassment prior to suit, wrongful replevin, and incidental costs. On plaintiff's motion, the cross-complaint was ordered stricken, and the issues thereof were then dropped by both parties.

Prior to trial, the court, on motion of plaintiff, entered partial judgment in favor of plaintiff in the amount of $945.52, the clerk of the court being directed to pay to plaintiff the deposited sum, to be applied toward the satisfaction of the partial judgment or any judgment which might be entered. It is further recited in the partial judgment that the same was without prejudice to any further judgment which might be entered. Defendants have made no objection in this court to the entry of this partial judgment.

When the matter came on for trial, the following colloquy took place:

"MR. ABBOTT: I would like one clarification. If counsel has abandoned his case on replevin, and wants the $88.00, we will understand what kind of a case we are confronting. THE COURT: That is what he said. MR. YOTHERS: I don't think there ever has been any other question. THE COURT: He is asking for only $88.00. Let the chips fall where they will."

At a later point in the trial, counsel for plaintiff stated:

"MR. YOTHERS: Our only claim is the claim of the sum of $88.00, for the difference between $945.00 paid into court, and the $1,033.00 in the contract. That is our position."

Proceeding upon this theory, the issues of the case were confined to the purchase transaction and the balance due thereon. No evidence was offered or received regarding the value of the automobile. There is no finding of fact or conclusion of law as to such value or as to the right of possession of the automobile. Judgment was entered for plaintiff in the sum of eighty-eight dollars, plus interest at twelve per cent on $1,033.52, from October 20, 1951, to January 24, 1952. Interest at twelve per cent on eighty-eight dollars, from January 24, 1952, until paid in full was also awarded, together with an attorney's fee in the sum of three hundred dollars and costs. The allowance of attorney's fees was pursuant to a provision therefor in the conditional sales contract. Defendants appeal.

Respondent, invoking Art. IV, § 4, of the state constitution, moves to dismiss the appeal, on the ground that the original amount in controversy does not exceed the sum of two hundred dollars, and that this court therefore lacks jurisdiction to entertain the appeal.

■■ Where a complaint states a cause of action for a money judgment in excess of two hundred dollars, but the plaintiff thereafter amends his complaint by reducing the amount sought to two hundred dollars or less, no appeal will lie to this court. *Huber v. Brown,* 17 Wash. 4, 48 Pac. 412; *Flick v. Showalter,* 51 Wash. 345, 99 Pac. 9. The same result is reached where, prior to resting his case, the plaintiff releases or waives a part of his claim and so reduces to two hundred dollars or less the amount sought. *Dodge v. Corliss,* 28 Wash. 474, 68 Pac. 869; *Moore v. Myers,* 175 Wash. 234, 27 P. (2d) 117. Likewise, where the defendant has paid to the plaintiff, or tenders and brings into court, a sum sufficient to reduce to two hundred dollars or less the balance claimed by the plaintiff, this court lacks jurisdiction to review the judgment entered. *Stewart v. Hanna,* 35 Wash. 148, 76 Pac. 688; *Durk v. Scully,* 41 Wash. 357, 83 Pac. 426.

■ In determining the original amount in controversy, the averments of the pleadings as to interest due on the principal sum demanded to the time of the commencement of

the action, but not the averments as to attorney's fees, are to be taken into consideration. *Baker v. Oliver,* 37 Wn. (2d) 862, 226 P. (2d) 567.

The principles established by these decisions govern here and require us to dismiss this appeal. As resolved by the pleadings, deposit in court, partial judgment, and oral classification of issues at the outset of the trial, the original amount here in controversy, within the meaning of the constitutional provision in question, was eighty-eight dollars, plus not to exceed forty or fifty dollars interest. The replevin action with its prayer for possession of the automobile, or for the sum of twenty-seven hundred dollars as the value thereof, had been abandoned.

The appeal is accordingly dismissed.

---

July 8, 1954. Petition for rehearing denied.