## CIRCUIT COURT OF FAIRFAX COUNTY

Jasper

v.

Schweppe

February 25, 1992

Case No. (Law) 109522

BY JUDGE J. HOWE BROWN

This matter is before the Court on defendant's Motion to Dismiss due to the expiration of the applicable statute of limitations. The Motion for Judgment alleges an injury which occurred on or about November 10, 1988, and was originally filed on October 18, 1990, within the two year statute of limitations. A voluntary nonsuit was taken by order entered on April 8, 1991. On October 9, 1991, the Motion for Judgment was refiled.

When an action is voluntarily nonsuited, the plaintiff may recommence his action within six months from the date of the order entered by the Court. Code § 8.01–229(E)(3). A month is to be computed not by counting days, but by looking at the calendar; and it runs from a given day in one month to a corresponding number in the next month. *Cousins v. Commonwealth*, 187 Va. 506, 508 (1948). Further, when a statute requires any act to be done within a certain time after any event, that time shall be allowed in addition to the day on which the event took place. Code § 1–13.3. In other words, the day on which the event occurred shall be excluded from the computation. *See Hurley v. Bennett*, 163 Va. 241, 244 (1934) (where the final decree from which appeal was obtained was entered on April 24, 1933, the six months period did not begin to run until April 25, 1933).

In calculating the appropriate time table, the *Cousins* Court made the following observations:

> From July 22, 1947, the day of the judgment, four calendar months would extend to November 22, 1947. Since the day of judgment must be excluded in the computation of time, the four-month period began to run with the advent of July 23rd, and expired with the departure of November 22nd, that is, at midnight of November 22nd. The following day, November 23rd, was a day within another period of time.

*Cousins*, 187 Va. at 508. *See also In re Ford*, 53 B.R. 444 (W.D. Va. 1985) (the first day, July 13, 1982, is excluded; counting forward one year, the clock stops on July 13, 1983, the last day included in the year); *aff'd* 773 F.2d 52 (4th Cir. 1985); *McMillon v. Budget Plan of Virginia*, 510 F. Supp. 17, 18 (E.D. Va. 1980) (the initial date, 10 May 1979, would not be included in calculating the running of one year; the one-year period would therefore commence on 11 May 1979 and end on 10 May 1980). Applying this analysis, in the present case, the six months time period started to run from April 9, 1991, and expired on October 8, 1991. The refiling on October 9, 1991, was therefore not done within six months from the date the nonsuit order was entered.

Accordingly, the Motion to Dismiss is granted.