**STATHAM v. CITY OF TYLER.**
No. 6603.

Court of Civil Appeals of Texas.
Texarkana.
March 26, 1953.

Rehearing Denied May 7, 1953.

Power, McDonald, Mell & Lowry, Tyler, for appellant.

Smith & Smith and Ted Chilcote, Tyler, for appellee.

LINCOLN, Justice.

This appeal is from a summary judgment in favor of appellee, defendant below. Appellant's first point asserts error of the trial court on the ground that the pleadings and the evidence on the hearing of appellee's motion for summary judgment raised genuine issues of material facts which, if found true by the jury, would have entitled appellant to a judgment for the relief sought against the appellee. Appellant presents eight other points of error, but they relate to specific facts which appellant asserts were shown by the evidence sufficient to raise jury issues. We think a general discussion of the first point will suffice to dispose of all of them.

Appellant brought this suit to cancel a deed she had executed and delivered to the appellee, or alternatively for $2,500 damages. She alleged the deed was procured through fraudulent representations made to her by the city's agent, the city engineer. She also alleged a fraudulent scheme or design on the part of appellee and its agent to defraud her of her property for a grossly inadequate consideration; a mistake of fact on her part when she signed the deed; a mutual mistake of fact; and that appellee took advantage of a confidential relationship existing between her and the city of Tyler and particularly between her and a friend and close acquaintance who accompanied the city engineer when he came to see her about executing the deed. All of said allegations, however, have their basis in the allegations of fraud. The appellee answered by what it denominates a special exception and by general denial. The so-called "special exception" asserts the allegations of the petition "are insufficient as a matter of law to allege a cause of action based upon fraud." For purpose of this appeal the allegations of fraud will be considered sufficient to state a cause of action. Appellee's motion for summary judgment depends upon the sufficiency of the evidence presented at the hearing and was not directed at any weakness or defect in the petition.

The City of Tyler was in process of widening South Beckham Street, and needed a strip off the front or east part of appellant's lot ten feet wide and extending across her lot from north to south the entire width, about 55 feet.

The facts relied on by appellant to show fraud are: (1) That the city engineer represented to appellant that the city was paying $150 for rights-of-way and did not intend to pay more than that sum to other property owners; (2) that she relied upon said representation; (3) that it was material to the transaction involved; (4) that she was induced thereby to execute

the deed, without which representation she would not have done so; and (5) said representation was false. Resolving in favor of appellant whatever doubt there may be as to the sufficiency of the allegation (1) above as a predicate for fraud, each of the foregoing specifications is essential in appellant's case. 20 Tex.Jur., p. 17, Sec. 8. In a jury trial on the merits, failure to prove any one of them by a preponderance of the evidence would be fatal to her case, and the defendant would be entitled to an instructed verdict in its favor. 20 Tex.Jur., p. 149, Sec. 101. So, if, on the hearing in this proceeding, the evidence adduced showed that there was no genuine issue of fact on any one or more of the foregoing essential elements, the trial court correctly granted appellee's motion and correctly entered summary judgment. Arlington Heights Appliance Co. v. Gordon, Tex. Civ.App., 244 S.W.2d 337; Hurley v. Knox, Tex.Civ.App., 244 S.W.2d 557, writ refused, no reversible error; Small v. Lang, Tex.Civ.App., 239 S.W.2d 441, writ refused, no reversible error.

We therefore need to consider only the alleged false representation, item (1) above. The testimony of the appellant herself is crucial. Her deposition was introduced by appellee, the movant. The following is a summary of her testimony material to the inquiry involved: That she is 69 years old, unmarried, formerly a nurse but not now employed; that she had learned of the street-widening project by the city and desired to cooperate; that being a city project, she could not do anything about it and was not going to try; that Mr. Ferrill, the city engineer, and Ses Haynes, whom she had known some time "but hadn't seen in some time," came to see her on Saturday afternoon about four o'clock in reference to getting her strip of land for the right-of-way; that Mr. Ferrill mentioned only two names, that of Mr. Kessler and Mr. Kline, both south of her; that he had paid them each $150 for their rights-of-way and that he (Ferrill) would pay her the same; that he did not ask her to donate the land; that he got the deed out of the car and she signed it; that Ferrill "told me he would pay them (Kline and Kessler) $150 and that

is what he would pay me. That is all he said about price to anybody"; "I have stated all he told me pertaining to price of the street in any way." "Q. Mr. Ferrill did not tell you that he would not pay anybody more than $150 for their right-of-way, did he? A. No, he didn't tell me that. Q. He did not tell you that he was not authorized to pay anybody more than $150, did he? A. No, no." She further testified: "Q. All right, Miss Statham, it is true then that Mr. Ferrill made no representations to you that he was going to pay any particular property owner any particular amount? Is that true? A. He didn't say anything about that. Q. He didn't mention anybody's property except the two that you have mentioned? A. That is all."

The affidavit of Ferrill, presented by appellee, states that he told appellant on the occasion she had testified about that he had paid Mr. Kline, two doors south of her, $150 for his part of the right-of-way; that Mr. Kessler, adjoining appellant on the south, had accepted $150, and that the city would pay her the same, and that she accepted it. He further stated that he did not at any time tell appellant that $150 was the highest price the city would pay for right-of-way on South Beckham, nor that that was the maximum he was authorized to pay, nor did he tell her that he would pay no more than that. He further stated that, with one exception, the only properties acquired at that time on South Beckham were the Kline and Kessler properties; that the one exception was north of appellant's place and the right-of-way there had been donated.

The affidavit of Ses Haynes substantiates the facts stated by Ferrill. The appellant introduced the affidavits of Marjorie Matkin, Mrs. Effie Matkin, both of whom were present and heard the conversation, Wade Atwood and Louis H. Kessler. Miss Matkin, a niece of appellant, testified that Ferrill told appellant that he had paid Kessler and Kline $150 each for their land, that he would pay appellant the same "and that is what he was paying"; that the deed was read over to appellant and she signed it.

Mrs. Effie Matkin, sister of appellant, testified in her affidavit substantially the

same as her daughter, Miss Matkin; quoting Ferrill as saying with reference to the price "that's what I am paying"; that appellant read part of the deed and part of it was read to her, and she signed it.

The affidavit of Kessler verified that $150 was the price paid him for his right-of-way for which he executed deed to the city. Wade Atwood's testimony shows that his property was north of appellant's, and that Ferrill and Haynes both came to see him on the same day they called on appellant; that Ferrill offered him $150 for his part of the right-of-way but he refused to accept the offer.

If, upon a trial of this case on its merits before a jury, the foregoing were all the material facts in evidence touching the alleged misrepresentation, it is clear that the defendant would be entitled to an instructed verdict. The evidence wholly fails to raise an issue of fact as to the alleged misrepresentation by Ferrill, set forth in item (1) above, or that by any misrepresentation of either existing fact or future intendment she was induced to execute the deed. The evidence affirmatively shows the absence of any genuine issue as to mistake of fact on the part of appellant, mutual mistake of fact, over-reaching because of age, infirmity, or confidential relation, or inadequacy of consideration.

Summary judgment is provided for by Rule 166–A, Texas Rules of Civil Procedure. Its applicable provisions have been copied in a number of decisions of our courts and we will not here repeat them. See King v. Rubinsky, Tex.Civ.App., 241 S.W.2d 220; Fonville v. Southern Materials Co., Tex.Civ.App., 239 S.W.2d 885; Mecom v. Thompson, Tex.Civ.App., 239 S. W.2d 847. It is now well known that the purpose of Rule 166–A is to expedite the determination of cases. Clark v. Barr, Tex. Civ.App., 239 S.W.2d 114; Fonville v. Southern Materials Co., supra; McDonald, Texas Civil Practice, Vol. 4, Sec. 17.26, p. 1380. Where the motion relies upon the pleadings alone, it partakes somewhat of the office of a general demurrer. Otherwise, its office is to "pierce the pleadings" and ascertain if there are material issues of fact supporting the plaintiff's allegations or the defendant's defense, as the case may be. Stayton's Notes on Summary Judgment, Tex.Bar Journal, Vol. 13, p. 446.

The foregoing facts in evidence satisfy the requirements of the Rule as it is written and as it has been interpreted by practically all the state and federal decisions. Appellant stresses additional statements appearing in the affidavits of Kline and Atwood. Kline stated that when Ferrill and Haynes came to see him about getting his right-of-way, Ferrill told him that $150 was the top price the city was paying, "the maximum we are going to pay to any one down the street" (South Beckham). Atwood swore that on the same date Ferrill told him $150 was "all we are paying anybody on this (South Beckham) Street." In the present condition of the record neither of the statements was admissible as evidence. They were not material to the inquiry as to representations made to appellant. Her testimony shows no such statements were made to her, nor did she rely on statements made by Ferrill to Kessler and Atwood. The rule stated in 20 Tex. Jur., p. 163, Sec. 111, is supported by ample authority: "Obviously no evidence may be introduced of representations with which the defendant is not shown to have been connected, or of representations not made to the plaintiff nor communicated to him. And if it is conclusively shown that no reliance was placed on representations, evidence of which has already been admitted, such evidence should be excluded." See also 37 C.J.S., Fraud, § 36, page 284; Orient Land Co. v. Reeder, Tex.Civ.App., 173 S.W. 939; Stowe v. Wooten, Tex. Com.App., 62 S.W.2d 67. In ruling on a motion for summary judgment only admissible testimony having probative force is to be considered. Fonville v. Southern Materials Co., supra.

The burden of proof in this proceeding was on the appellee, and it did not shift. Appellee was required to present admissible evidence having probative force, showing the absence of any material issue of fact going to the foundation of appellant's cause of action as she had alleged it

in her petition. When the appellee had done this, as unquestionably it did, the burden of going forward with evidence of like quality did shift to appellant to show that an issue of fact exists, or evidence that creates a doubt about it in the mind of the court. McKay v. Dunlap, Tex.Civ.App., 244 S.W.2d 278, writ refused, no reversible error; Texas Law Review, Vol. 30, p. 616, an informative article by LeMond and Kreager, Jr. The rule is generous in that it permits the opposing party to show his inability to produce such evidence at the time set for the hearing. Since the case as made by the appellee was not met by the appellant, there was no error in the action of the trial court in granting appellee's motion and in entering summary judgment for it. Appellant's points of error are overruled and the judgment of the district court is affirmed.