**J. H. HARRED and H. E. Bartley, Appellants,**

v.

**Roy W. CONRAD, Appellee.**

No. 6564.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 16, 1956.

Rehearing Denied Feb. 20, 1956.

Porter & Lowe, Clarendon, for appellants.

Strickland & Sloss, Amarillo, for appellee.

MARTIN, Justice.

Appellee, Roy W. Conrad, leased to appellants, J. H. Harred and H. E. Bartley, certain lands situated in Armstrong County, Texas. At the time of the execution of such written lease, appellee sold to appellants farming tools and equipment and accepted five promissory notes from them in payment of such equipment. The five notes were secured by a chattel mortgage on the equipment as sold and delivered.

Appellants did not pay notes numbered one, two and three dated June 4, 1951 and payable on or before July 15, 1952, 1953 and 1954 respectively and each in the principal amount of $2,774.54. Appellee sued appellants on the three notes as delinquent and asked for judgment on the same with foreclosure of his chattel mortgage lien on the farm equipment and tools. Appellee also sought a cancellation of the written lease of the farm lands on the ground that the lease had been breached in that appellants permitted an excessive number of cattle on the lands in pasturing the same. Appellants filed no answer to the suit on the notes other than a general denial and on their appearance before the trial court in the cause obtained a continuance. Thereafter, appellee moved for a summary judgment on the three notes as delinquent and for foreclosure of his chattel mortgage lien. Appellants were duly notified of the motion for summary judgment and appeared and contested the same. The trial court granted judgment on the three notes and for foreclosure of the chattel mortgage lien securing the same but ruled the appellants were entitled to a trial on the merits of the issue of cancellation of the lease of the farm lands. Appellants perfected an appeal from the summary judgment and assign four points of error.

■ Appellants' first two points assert that the trial court erred in granting a summary judgment after the cause had been continued. Since appellants had appeared and answered in the cause, there was no error in the trial court's granting the summary judgment as to the notes. Rule

166–A, Vernon's Annotated Texas Rules of Civil Procedure provides:

"A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the adverse party has appeared or answered, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof."

The above rule permits the granting of the judgment as was done in this cause and appellants' points one and two are overruled.

■ Appellants' third and fourth points raise an issue that it was error for the court to grant a summary judgment in that there were disputed fact issues in the cause. It is recognized that a summary judgment should not be rendered except in cases where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 166–A, supra; Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929. As a basis for appellants' third and fourth points, they present only two propositions and the same involve issues of law rather than of fact. Appellants had paid a small amount on the notes and this credit was originally placed on the back of Note No. One but by agreement of all the parties such credit was transferred to Note No. Five in the series. Appellants initialed the agreement transferring the credit to Note No. 5 but contend there was no consideration for such agreement. The pleading in the cause is insufficient to sustain appellants' allegation of failure of consideration on this issue. The credit as transferred from Note No. One to Note No. Five was not of sufficient amount to retire Note No. One. Since there was neither pleading nor proof that with such credit applied to Note No. One appellants could have paid the three delinquent notes, there is no merit to this plea of failure of consideration. Appellants pleaded no legal defense to the notes and both appellants testified by deposition that they executed the

five notes in issue and that the first three notes in the series of five notes were past due and unpaid. Appellants likewise testified that the chattel mortgage was a valid and existing chattel mortgage on the property shown therein. Since appellants admitted in their deposition that the notes as placed in summary judgment were past due and unpaid and secured by a valid chattel mortgage, there was no fact issue before the trial court and the summary judgment on the notes was properly entered.

Appellants also contend under their third and fourth points as to whether there was an issue of fact in the cause that a fraud was perpetrated upon them in that a tractor as sold to them by appellee was represented as being a 1941 Model W–9 tractor when in fact the same was a 1940 Model W–9 tractor and that there was, therefore, a total failure of consideration to support the notes. There is no pleading of fraud or failure of consideration as to the notes and further the testimony of appellants reveals that the machinery as purchased was appraised by one John Kenarman, an International dealer, prior to the execution of the contract in issue. J. H. Harred testified as to their purchase and as to such appraisement:

"He appraised all of this stuff and we taken it at that price."

In addition to the fact that appellants admitted they took the equipment on the appraisal of the International dealer, they retained and used the same for a period of years and even sold some of the mortgaged property without ever asserting that they had been defrauded in the purchase of the same. Such claim of fraud was never asserted until after the notes given in payment for the mortgaged property were delinquent and unpaid and a suit had been filed for their collection. Appellants neither pleaded nor proved a defense which will defeat the summary judgment on the notes as sued upon. Appellants' third and fourth points of error are overruled.

The judgment of the trial court decreed there was a fact issue involved in that part of the cause of action as to cancellation of the written lease of lands and ruled that appellants were entitled to a trial on the merits as to such issue. Appellants make no complaint as to this element of the judgment. The suit on the notes is divisible from the suit for cancellation of the written lease. The fact that there may have been an issue of fact with reference to the suit to cancel the lease will not defeat appellee's motion for a summary judgment on the notes as admitted to be due and unpaid. Small v. Lang, Tex.Civ.App., 239 S.W.2d 441, Syl. 6; Rule 166–A (a) and (d), Vernon's Annotated Texas Rules of Civil Procedure; Eppler v. Wiginton, Tex.Civ.App., 252 S.W.2d 513, Syl. 1.

The judgment of the trial court is affirmed as to the notes placed in judgment and is left undisturbed as to the suit for cancellation of the lease.