**Robert Joe RIGGS, Appellant,**

v.

**F. E. BARTLETT et al., Appellees.**

**No. 15122.**

Court of Civil Appeals of Texas.

Dallas.

Jan. 20, 1956.

Rehearing Denied Feb. 17, 1956.

John C. Walvoord, Jr., and E. A. Cade, Dallas, for appellant.

Eades & Eades, Dallas, for appellees.

PER CURIAM.

Appellant on December 9, 1955 tendered his transcript for filing in this Court, and the Clerk refused to file same on the ground

that the appeal bond was not tendered in time. Appellant then filed motion in this Court to require the Clerk to file the transcript; and the motion having been sustained on December 20, the record was filed as of December 9, the date it was tendered.

Thereafter on December 22, 1955, appellee Dallas Brick & Lumber Company filed a motion to dismiss the appeal on ground that the appeal bond was not filed until 34 days after motion for new trial was overruled "by operation of law."

We have examined the transcript, based on this new attack, and find that: (1) The summary judgment was signed August 19, 1955; (2). motion for new trial was filed August 27; (3) heard October 6; (4) overruled October 13 by the court in a written order placed on the minutes; (5) appeal bond filed November 14; (6) the record (transcript only) was presented to the Clerk of this Court for filing December 9; (7) and on that date the Clerk refused to file same; (8) motion of appellant to file the record was filed in this Court on December 16; (9) sustained December 20; (10) the record was filed as of December 9, 1955, the date it was first tendered; and (11) on December 22 appellee filed the motion to dismiss the appeal for want of jurisdiction, which motion is now before us.

Appellees contend in their last motion that, as a matter of law, appellant's motion for new trial was overruled "by operation of law" on October 11, 1955—not October 13, 1955, the date of the formal order; that therefore the appeal bond filed November 14, 1955, was filed 34 days after the date of the overruling of the motion for new trial "by operation of law."

Appellant answered that under Rule 356, Texas Rules of Civil Procedure, he had thirty days from date of the formal order (October 13th) to file an appeal bond after his motion for new trial was overruled, and that since the 30th day fell on Saturday, Saturday being a half-holiday, he had until the following Monday to file such bond.

■ On reconsideration of the record we have reached the conclusion that we were in error in ordering the record filed. The first sentence of Rule 329–b, T.C.P., effective January 1, 1955, provides: "The following rules shall be applicable to motions for new trial filed in all district courts". Subdivision 3 of Rule 329–b provides: "All motions and amended motions for new trial must be determined within not exceeding forty-five (45) days after the original or amended motion is filed, unless by written agreement of the parties in the case, the decision of the motion is postponed to a later date." Appellant's motion filed August 27, 1955, not amended, was overruled by operation of law, under Rule 329–b, supra, 45 days after August 27, to wit, October 11, 1955.

The appeal bond, filed November 14, 1955, was therefore filed on the 34th day after the motion for new trial was overruled by operation of law on October 11, 1955.

Under such record, the prerequisite to the perfection of the appeal, to wit, the filing of the appeal bond within 30 days after the motion was overruled, was not complied with, and the appeal was not perfected.

■ The sustaining of the above contention of appellees probably makes moot the question of whether Saturday, a holiday for banks, makes Saturday a "legal holiday," within the meaning of Rule 4, V.A.R.C.P. However, if we are in error in our holding above, we are further of the opinion that although it is the custom of most business establishments to close on Saturday afternoons, it is neither a statutory nor a common law holiday.

■ In Cousins v. Commonwealth, 187 Va. 506, 47 S.E.2d 391, 392, the Supreme Court of Virginia stated: "In Virginia, Saturday has not been made a legal holiday for all purposes or for the purpose of exclusion in the computation of time in which a procedural action should be done. Up to noon it is a business day, the same as any other business day. The remainder of

the day is not dies non juridicus and judicial acts and business transactions then performed are valid. There is nothing in our statutes which excuses one from presenting a petition for a writ of error or appeal, either before or after 12 o'clock noon on Saturday."

With the change, in the above quotation, of the second word, "Virginia," to "Texas," we adopt the quoted statement as our construction and as our holding of the rule in Texas. Appellant's second contention is overruled.

There being nothing in our statutes or Rules which would excuse appellant for failure to file the appeal bond on Saturday,[1] the motion would have to be, and is now sustained.

For the reasons stated, the cause is dismissed for want of jurisdiction.

---

1. This is true, whether the time for filing should be based on the last day being October 13 instead of October 11.