Robert Joe RIGGS, Appellant,

v.

F. E. BARTLETT et al., Appellees.

No. 15328.

Court of Civil Appeals of Texas.

Dallas.

Dec. 13, 1957.

Rehearing Denied Jan. 17, 1958.

John C. Walvoord, Jr., and E. A. Cade, Dallas, for appellant.

Eades & Eades, Dallas, for appellees.

DIXON, Chief Justice.

Appellant Robert Joe Riggs filed suit on May 11, 1954 against F. E. Bartlett, a general contractor, and Dallas Brick & Lumber Company, a copartnership composed of A. Ross Frank and John R. Noble.

The cause of action against Bartlett was for damages for breach of an oral contract, entered into March 1, 1952, whereby Bartlett allegedly agreed to build a house at cost not to exceed $9,590 on a lot owned by appellant Riggs.

The cause of action asserted against Dallas Brick & Lumber Company was for cancellation of a deed on the grounds of fraud and duress. Appellant and his wife on December 8, 1952 had executed the deed to the house and lot in settlement of the claim of Dallas Brick & Lumber Company, who had threatened to foreclose a note and mechanic's lien in the amount of $11,450 against the property. It was not alleged or claimed by appellant Riggs that Dallas Brick & Lumber Company was a party to the oral contract between Riggs and Bartlett, or had knowledge of said contract at the time the note and mechanic's lien, originally payable to Bartlett, was

transferred and assigned to Dallas Brick & Lumber Company.

Bartlett, though served with citation, failed to answer, and on July 29, 1954 an interlocutory judgment by default was entered against him. This interlocutory judgment was not proved up until February 26, 1957; therefore did not become final against Bartlett until said last named date.

Dallas Brick & Lumber Company filed an answer to appellant's suit, and filed also a cross-action in trespass to try title, based on the warranty deed of Riggs and wife, dated December 8, 1952. A motion for summary judgment on its cross-action was filed by Dallas Brick & Lumber Company, and on August 19, 1955 said motion was sustained. Accordingly on the same day judgment was entered in favor of Dallas Brick & Lumber Company for title and possession of the property in question.

This is appellant's second attempt to appeal from the summary judgment in favor of Dallas Brick & Lumber Company. We dismissed the first appeal on the ground that the appeal bond was filed too late. Riggs v. Bartlett, Tex.Civ.App., 286 S.W.2d 669.

■ Appellant filed his appeal bond for the present appeal on March 11, 1957. This bond obviously was not timely filed if we compute the time from August 19, 1955, the date of the summary judgment in favor of Dallas Brick & Lumber Company; but it was well within the time allowed for the filing of an appeal bond if we compute the time from February 26, 1957, the date when final judgment was entered against F. E. Bartlett. Appellant now takes the position that his earlier effort to appeal was premature, and that his present appeal is timely since all parties to the suit were not disposed of until February 26, 1957 when he proved up his action for damages for breach of contract against F. E. Bartlett. F. E. Bartlett has not appealed.

Following the filing on March 11, 1957 of appellant's appeal bond in this second appeal, appellee Dallas Brick & Lumber Company filed its motion to dismiss this appeal, which motion we overruled. However in connection with the appeal on the merits, appellee has renewed its motion to dismiss the appeal, and we must first pass on the renewed motion.

After reconsideration we have reached the conclusion that appellee's motion to dismiss the present appeal must be sustained. The cause of action alleged by appellant Riggs against Bartlett is entirely different, independent, and severable from the cause of action alleged by appellant against appellee Dallas Brick & Lumber Company. We repeat: appellant's action against Bartlett was for damages for breach of an oral contract in which Bartlett had agreed to build a house for appellant at a cost not to exceed $9,590. Appellant's action against appellee Dallas Brick & Lumber Company was for cancellation of a warranty deed because of alleged fraud and duress; and appellee's cross-action on which judgment was rendered was in trespass to try title based on the deed from appellant.

Bartlett was not a party to appellee's cross-action. He was not affected by it in any way; nor was appellant's claim against Bartlett affected by the cross-action of appellee. If appellant had a good cause of action against Bartlett for breach of contract because Bartlett failed to build a house at the cost he orally agreed to, appellant was free to pursue his remedy for damages against Bartlett notwithstanding the judgment in favor of appellee Dallas Brick & Lumber Company for title and possession. In fact appellant now has his judgment against Bartlett, and that judgment will not be disturbed on this appeal.

Since the judgment rendered against F. E. Bartlett on February 26, 1957 was in an independent action severable from the action in which the summary judgment was rendered in favor of appellee Dallas Brick

& Lumber Company on August 19, 1955, we hold that the latter was a final appealable judgment as of August 19, 1955. Bateman v. Carter-Jones Drilling Co., Tex.Civ. App., 290 S.W.2d 366; Harred v. Conrad, Tex.Civ.App., 287 S.W.2d 229; Richards v. Smith, Tex.Civ.App., 239 S.W.2d 724. It follows that since appellant's second appeal bond was not filed until March 11, 1957, it was filed too late to give this Court jurisdiction of the appeal. The motion of appellee Dallas Brick & Lumber Company to dismiss the appeal is sustained.

■ Ordinarily we would conclude our opinion with the above holding. However, because of the circumstances presented by the record, we feel it is not inappropriate for us to say that had we reached the appeal on its merits we would have felt impelled to affirm the trial court's summary judgment.

Appellant admitted the execution by himself and his wife of the warranty deed conveying title to appellee. Put simply: appellee was entitled to recover on its trespass to try title action unless the warranty deed be set aside. Appellant attacked the deed on two grounds, fraud and duress.

The general grounds of fraud, as alleged by appellant in his answering affidavit, were that Dallas Brick & Lumber Company had charged exorbitant prices and charged appellant for material not used in the construction of the house.

Appellant's affidavit contains only generalities and conclusions. Though furnished by appellee with an itemized statement of the materials furnished, appellant does not in any instance point out an item priced exorbitantly, or not used in the building. His general conclusions are supported by nothing more than an allegation that a real estate agent told him he believed he could buy back the property for $9,500. Appellant signed a purchase contract in which he offered to buy for that amount. His offer was refused. The real estate agent returned the written offer to appellant. This incident, says appellant, "caused me to be suspicious for the first time." The answering affidavit was not sufficient. Edwards v. Williams, Tex.Civ.App., 291 S.W. 2d 783; Hutchinson v. City of Dallas, Tex. Civ.App., 290 S.W.2d 253; Westfall v. Lorenzo Gin Co., Tex.Civ.App., 287 S.W.2d 551; Statham v. City of Tyler, Tex.Civ. App., 257 S.W.2d 742; Leach v. Estate of Cassity, Tex.Civ.App., 279 S.W.2d 630.

■ As to duress: appellant's affidavit says that appellee went to his mother and frightened her and caused her to believe that she was responsible for her son's debts, and that appellee would cause trouble to appellant's brothers and sisters. Appellant does not say that he was present and heard such threats. No affidavits from his mother or any persons who were present and heard such threats were offered, and none appears in the record. Appellant's statement must be regarded as hearsay. Appellant in his petition alleges that appellee threatened to foreclose its mechanic's lien. It is not duress under our law to threaten to do what one has a legal right to do. Ulmer v. Ulmer, 139 Tex. 326, 162 S.W.2d 944.

There is an additional reason for our conclusion that appellant's answering affidavit does not meet or contravene appellee's affidavit. Appellant admits that it was on his initiative, not appellee's, that the settlement was entered into whereby he deeded the property to appellee in full satisfaction of appellee's claim against him. Here are his words:

"I decided to give or deed the defendants my property. I went to attorney J. L. McNees, and told him what I had decided to do. Mr. McNees arranged with the defendants for me to deed my homestead to them on December 8, 1952, in consideration of the cancellation of the 90 day note."

Under the circumstances reflected in the record, the settlement was binding on appellant. Cleburne State Bank v. Ezell, Tex. Civ.App., 78 S.W.2d 297.

The appeal is dismissed.

**694**

## On Rehearing.

So far as the record shows no citation was served on appellant in connection with appellees' cross-action. However the record shows that appellant knew of the cross-action, that he voluntarily participated in the trial in which issues raised by the cross-action were litigated, and that the court, though it did not expressly name the cross-action, obviously rendered a judgment for appellee on appellee's cross-action as well as against appellant on the main suit instituted by appellant.

In his First Amended Petition filed July 21, 1955, subsequent to the filing of appellees' cross-action, appellant alleges: " * * defendants A. Ross Frank and John R. Noble, dba Dallas Brick & Lumber Company, a co-partnership, have filed herein their first original amended answer *and their original cross-action against the plaintiff.*" (Emphasis ours.)

The trial court's judgment recites: *"and came the plaintiff* and said defendant, A. Ross Frank, individually and as surviving partner of Dallas Brick & Lumber Company, by and through their attorneys of record and announced ready on such motion and the Court, after considering said motion, *all pleadings of the parties,* and affidavits of the parties on file herein, is of the opinion and finds that such motion is well taken and should be sustained." (Emphasis ours.)

 The court then proceeded to render judgment (1) for defendant A. Ross Frank individually and as surviving partner of Dallas Brick & Lumber Company for title and possession of the real property in litigation; and (2) against appellant Robert Joe Riggs, plaintiff, that he take nothing against A. Ross Frank individually or as surviving partner of Dallas Brick & Lumber Company. It must be held that under the circumstances appellant in effect waived the service of citation and is bound by the judgment. Smithers v. Smith, 35 Tex.Civ. App. 508, 80 S.W. 646; Davis v. Wichita State Bank & Trust Co., Tex.Civ.App., 286 S.W. 584 (syl. 21); Thompson v. Gaither, Tex.Civ.App., 45 S.W.2d 1106.

While the suit was pending, John R. Noble died. He was one of the partners in Dallas Brick & Lumber Company. A suggestion of his death was made by appellant, but his executrix was not made a party to the suit. The judgment was in favor of A. Ross Frank individually and as surviving partner of the partnership firm. It was not error to so render judgment. Iowa Mfg. Co. v. Baldwin, Tex.Civ.App., 82 S.W.2d 994 (syl. 9); 32 Tex.Jur. 517–518.

The motion for rehearing is overruled.