**Joe SEARS, Appellant,**

v.

**MUND BOILERS, INC., et al., Appellees.**

**No. 7164.**

Court of Civil Appeals of Texas.

Texarkana.

Aug. 4, 1959.

Rehearing Denied Sept. 1, 1959.

———◆———

Power, McDonald & Mell, Gilmer, Al L. Crystal, Houston, for appellant.

Thompson, Knight, Wright & Simmons, Pinkney Grissom, Timothy E. Kelley, Jerry L. Buchmeyer, Dallas, Ramey, Brelsford, Hull & Flock, Tyler, Kenley, Sharp, Ritter & Boyland, Longview, for appellees.

PER CURIAM.

The appellant, Joe Sears, as plaintiff in the trial court in an action for damages resulting from personal injuries named Minneapolis-Honeywell Regulator Co., Mund Boilers, Inc., The Prosperity Co., Inc., Tyler Gas Service Corp., Inc., Reliance Mfg. Co., Inc., and Frank Fite, Jr., d/b/a Fite's Laundry & Cleaners, as defendants. A plea of privilege filed by Minneapolis-Honeywell Regulator Company was sustained, and the suit as to it was severed and removed to another county with no appeal resulting from such action. Defendants Mund Boilers, Inc., The Prosperity Co., Inc., and Tyler Gas Service Corp., Inc., the appellees here, each independently moved for summary judgment. After hearing, the trial court in separate orders entered judgment that Joe Sears take nothing by his suit against each of them. Sears gave notice of appeal. The suit against Tyler Gas Service Corp., Inc., was immediately severed from that against the remaining parties upon its motion.

Mund Boilers, Inc., and The Prosperity Co., Inc., filed a joint motion in this court to dismiss the appeal of Joe Sears as it pertained to each of them. Prior to submission and argument, Sears and the Tyler Gas Service Corp., Inc., by motion advised this court of the consummation of a settlement and requested that the Tyler Gas Service Corp., Inc., appeal be dismissed, which motion was granted.

■ After submission and argument, it has become apparent that this court should dismiss Sears' appeal from the Mund Boilers, Inc., and The Prosperity Co., Inc., summary judgments for the reason that the judgments appealed from are interlocutory. Joe Sears' suit against appellees Mund Boilers, Inc. and The Prosperity Company, Inc., were not severed from his suit against Frank Fite, Jr., d/b/a Fite's Laundry & Cleaners by an order in the trial court. This failure makes the appeal one from judgments which do not dispose of all the parties to the suit and therefore considered as a unit the judgment is not final and appealable.

■ Regardless of such cases as Wright v. Wright, 154 Tex. 138, 274 S.W.2d 670; Bateman v. Carter-Jones Drilling Co., Tex. Civ.App., 290 S.W.2d 366, wr. ref., n. r. e.; Richards v. Smith, 239 S.W.2d 724, Tex. Civ.App., wr. ref., n. r. e.; Riggs v. Bartlett, Tex.Civ.App., 310 S.W.2d 690, wr. ref., n. r. e.; and Harred v. Conrad, Tex. Civ.App., 287 S.W.2d 229, wr. ref., n. r. e., cited by Sears and relied upon to sustain the appeal without a formal severance, the Supreme Court in its most recent expression upon the point here involved in[1] Pan-

1. Opinion dated May 13, 1959, but not generally available to bench and bar until published in Southwestern Reporter advance sheet June 23, preceding submission of this case by only a few days.

American Petroleum Corp. v. Texas-Pacific Coal & Oil Co., Tex., 324 S.W.2d 200, citing Gallaher v. City Transp. Co., Tex.Civ.App., 262 S.W.2d 807, wr. ref., and Myers v. Smitherman, Tex.Civ.App., 279 S.W.2d 173, n. w. h., has held that a trial court order severing the action appealed from the action not appealed is necessary to give the judgments sought to be reviewed the attribute of finality. The court's per curiam opinion says:

"In the absence of an order of severance, a party against whom such an interlocutory summary judgment has been rendered will have his right of appeal when and not before the same is merged in a final judgment disposing of the whole case." [324 S.W.2d 201.]

This court is bound by the Supreme Court's pronouncement and must dismiss Joe Sears' appeal from the summary judgment entered in favor of Mund Boilers, Inc., and The Prosperity Co., Inc., by the trial court.

The appeal is dismissed.