**HAGOOD'S CONOCO SERVICE STATION et al., Appellants,**

**v.**

**Nancy FAGLIE et al., Appellees.**

**No. 4218.**

Court of Civil Appeals of Texas.

Waco.

March 12, 1964.

William G. Washington, Ulmer W. Spinney, Austin, for appellant.

Jack C. Eisenberg, Austin, for appellees.

McDONALD, Chief Justice.

This suit was brought by Nancy Faglie, a minor, for personal injuries sustained by her; and by her father Edward Faglie for medical expenses incurred for Nancy; as a result of an intersection collision between defendants' automobile and a motorcycle upon which Nancy was a passenger.

Trial was to a jury which found:

1) Defendants' driver failed to keep a proper lookout; which was a proximate cause of the collision.

2) Conduct of the driver of the motorcycle was not the sole proximate cause of the collision.

3) The value of necessary medical expenses rendered Nancy, as a proximate result of her injuries was $839.35.

4) Issues inquiring as to damages to Nancy in her individual capacity were answered NONE.

The Trial Court entered judgment on the verdict for plaintiff Edward Faglie for $839.35; and further rendered judgment that plaintiff Nancy Faglie take nothing.

Thereafter Nancy Faglie made motion for a new trial, which the Trial Court granted "as to Nancy Faglie only."

Defendants appeal the judgment in favor of plaintiff Edward Faglie, contending there is no evidence to support the jury's finding on proximate cause.

Plaintiffs move to dismiss the appeal for want of jurisdiction, contending that the appeal of the defendant is *untimely* in that a final judgment has not been entered as to *all* parties of the case.

There was no order severing Nancy's claim from that of her father, and plaintiffs contend that without such a severance, there is not a final appealable judgment.

A judgment which does not dispose of all parties and issues in the pending suit, is interlocutory and not appealable, unless a severance of that phase of the case is ordered by the Trial Court. In the absence of an order of severance, a party against whom such an interlocutory judgment has been rendered will have his right of appeal, when and not before, the same is merged in a final judgment disposing of the whole case. Pan Am. Petroleum Corp. v. Texas Pac. Coal & Oil Co., 159 Tex. 550, 324 S.W.2d 200; Sears v. Mund Boilers, Inc., C.C.A., W/E Ref., 328 S.W.2d 199.

Appeal dismissed.