Charles B. GALLAGHER et ux., Appellants,

v.

CITY OF BROWNSVILLE, Appellee.

No. 369.

Court of Civil Appeals of Texas.

Corpus Christi.

June 6, 1968.

Rehearing Denied June 27, 1968.

Adams, Graham, Lewis & Graham, John E. Lewis, Harlingen, for appellants.

O. B. Garcia of Garcia & Warburton, Brownsville, for appellee.

## OPINION

NYE, Justice.

The City of Brownsville filed suit against Charles B. Gallagher and wife in the nature of a declaratory judgment seeking a construction of a certain easement in a right of way deed, or alternatively to reform and correct the legal description in a deed of defendants' remote predecessors in title. The City further sought a restraining order and injunction to enjoin the defendants from interfering with the easement as construed and/or corrected. A temporary restraining order was issued without notice on the day the plaintiff's petition was filed, and a hearing on the application for temporary injunction was subsequently set for a few days later. The defendants, after due notice, failed to appear and the court granted the temporary injunction. Although the defendants subsequently filed a general denial to the City's original petition they did

not appear or answer further with opposing affidavits or otherwise when the City filed its motion for summary judgment.

The trial court entered summary judgment construing the easement described in the original deed from defendants' predecessors in title, as granting a strip of land 20 feet wide along the west right of way line of State Highway No. 77 and a line running parallel to and 20 feet perpendicularly from the west right of way line of said highway, and ordered that the temporary injunction heretofore granted, be made permanent. The defendants perfected their appeal alleging two points of error: (1) that the judgment of the trial court is erroneous because it does not conform to the City's pleadings, prayer for relief and judicial admissions, and such judgment should be modified to conform with such pleadings, prayer for relief and judicial admissions and as so modified affirmed. Alternatively appellants in their second point contend that the trial court erred in entering a summary judgment herein for the reason that numerous questions of material fact existed.

The defendants' predecessors in title granted to the State of Texas a right of way easement in March 1952. It is one part of this legal description that gave rise to this law suit. The deed described the easement as follows:

"* * * being particularly described as follows, to-wit: a strip of land 20 feet in width, out of and a part of a certain 5.7 acre tract out of Acre Blocks Nos. 3 and 8, City of Brownsville, Cameron County, Texas described in Deed from Nellie D. Skelton to G. E. Moody dated Feb. 28, 1944, recorded in Vol. 333, page 421, Deed Records of Cameron County, Texas; said 20 foot strip of land abutting on and running along the present West right of way line of State Highway No. 77, extending from the Northeast boundary line of said 5.7 acre tract to the Southeast boundary line thereof, and having for its West boundary line a line running parallel to and 7½ feet perpendicularly from the West right of way line of said State Highway No. 77." (emphasis supplied)

Plaintiff contends that the "7½ feet" in the above description should have been 20 feet; that the same was a mistake and that from an actual construction of the description, the previous owners had intended to convey 20 feet instead of 7½ feet.

The City however made an error in its petition which is the basis for appellants' first point of error. In a part of plaintiff's petition the City sought a construction of 20 feet from the east boundary line of the defendants' property line instead of 20 feet from the west boundary of the highway line. Appellants contend that this amounts to a judicial admission and that the judgment should be modified to conform strictly with the plaintiff's pleadings, and as such, affirmed.

The summary judgment evidence reflects that the easement making up the highway in front of defendants' property was originally 60 feet wide, 30 feet from each of the adjoining property owners. Sometime in 1952 the State of Texas decided to widen the highway to 100 feet taking an additional 20 feet from the property owners on either side of Highway 77. The City in one place in their pleadings stated that through clerical error in the preparation of the easement instrument, the figure "7½" was inserted in place of the figure "20" in the last call of the legal description. Continuing, the plaintiff plead that the true intention of the parties as reflected by the balance of the description is, that the conveyance to the State of Texas of a 20 foot wide strip of land for road purposes would be a "strip extending from the Northeast corner of said 5.7 acre tract all the way to the Southeast corner thereof, along the east boundary line of said tract." Actually, this calls for the easterly 20 feet of defendants' original tract, which is in effect the easterly most 20 feet of the original 30 feet granted to the State of Texas many years before the 1952 conveyance. The City of course was con-

sidering that the west right of way line as it existed in 1952 was the defendants' easterly boundary line, but since the original grant was an easement, defendants' east property line of their land is actually the center line of Highway 77.

The City, however, alternatively in its pleading contended that through a mistake in the drawing up of the instruments conveying the easement grant, the figure 7½ feet was inserted in the description instead of the correct figure of 20 feet; that the true intention of the parties to the instrument, as appears from other portions in the description, calls for a 20 foot wide strip of land and that the court should correct and reform the same to reflect the true intention of the parties.

In passing on a motion for summary judgment which is not confined to the pleadings, the court's task is analogous to that of a decision on a motion for instructed verdict. The appellants rely upon what they say amounts to a judicial admission on the part of the City in their pleading and therefore they were not required to appear further in opposition to the motion for summary judgment.

It is true that the defendants owned the land in fee to the center line of the highway burdened with the original 30 foot easement and subject to the present easement granted by their predecessors in title covered by the legal description in question here. It is also true that although the east boundary of the defendants' land is the center line of the highway, a reading of the City's petition from its four corners clearly indicates to us that the east boundary referred to in the City's pleadings was the west boundary of the original 30 foot easement strip. It is elementary that the pleadings must be liberally construed. Therefore, the summary judgment must be upheld if the pleadings may reasonably be construed to support the judgment. 33 Tex.Jur.2d, Sec. 68, Judgments, p. 572.

Attached to plaintiff's motion for summary judgment was an affidavit, certified copies of right of way easements, and deeds from each property owner who preceded the defendants as owners of the tract in question. Several of these deeds from defendants' predecessors in title accepted the property in question subject to the right of way easements. At least one of these instruments described the easement and right of way as being a 50 foot easement along the east side of the subject tract. Attached to plaintiff's motion for summary judgment was an affidavit by Ernesto M. Fernandez who was a registered professional engineer with 25 years experience in the profession and an Asst. City Engineer for the City of Brownsville. He attached to his affidavit a map drawn by him which was based upon an actual survey and measurement on the ground. He states that the map was accurately drawn to scale and correctly and accurately shows the location, dimension and relationship of the highways, etc. This map showed the correct location of the easement as contended by the City. At the hearing of the City's application for temporary injunction the court in its judgment, stated in part: That the defendants had wholly made default; that the court proceeded to hear evidence and the plaintiff having offered evidence and it appearing to the court that the temporary injunction should be granted as prayed; therefore, the court ordered, adjudged and decreed that the defendants Gallagher and wife were to desist and refrain from in any manner interfering with the hereinafter described easement. The legal description of the easement was then fully described and corrected to include 20 feet instead of 7½ feet. The plaintiff's motion for summary judgment, among other things, moved the court to make the heretofore granted temporary injunction permanent. All of this was sufficient to place the defendants on notice of the exact legal description of the easement and the relief sought by the plaintiff.

The court in considering a summary judgment may consider any fact of which it may take judicial notice. Willoughby v. Jones, 151 Tex. 435, 251 S.W.2d 508 (1952). The extensive evidence introduced in support of the City's subsequent motion for summary judgment was sufficient upon which the trial court could base its present judgment.

Where the motion for summary judgment rests upon extrinsic evidence which demonstrates that there is no genuine issue as to any material fact, a failure of the pleadings to fully allege the basis of recovery, not challenged at or prior to the hearing by special exception or otherwise, will be disregarded in harmony with the practice under Rule 67, Texas Rules of Civil Procedure. See McDonald Texas Civil Practice, Section 17.26.5. Where the motion relies exclusively upon the pleadings, the motion for summary judgment will partake somewhat of the office of the general demurrer, but where there are affidavits, exhibits and other evidence, the office of the summary judgment is to "pierce the pleadings" and ascertain if there are material issues of fact supporting the plaintiff's allegations. See Statham v. City of Tyler, 257 S.W.2d 742 (Tex.Civ.App.—Texarkana 1953); Ford v. Aetna Insurance Company, 394 S.W.2d 693 at 700 (Tex.Civ.App.—Corpus Christi 1965, n. r. e.).

It has been said that the object of the summary judgment procedure is the elimination of patently unmeritorious claims or untenable defenses.

> " 'Summary judgment is a marvelous instrument in expediting the administration of justice. It is the means by which causes or defenses with no real merit are weeded out without the hazard of a decision on an artificial situation described by artful pleadings, or without the cost in precious judicial time of a long protracted trial which ends with a determination that, on the facts viewed most favorably to a party, the claim or defense is not good as a matter of law.' "

McDonald Texas Civil Practice, Sec. 17.26 quoting from Bros. Incorporated v. W. E. Grace Manufacturing Co., 5 Cir., 261 F.2d 428 at 432. Continuing, McDonald quotes from Whitaker v. Coleman, 5 Cir., 115 F.2d 305 at 307 that:

> " 'Summary judgment procedure is not a catch penny contrivance to take unwary litigants into its toils and deprive them of a trial. It is a liberal measure, liberally designed for arriving at the truth. Its purpose is not to cut litigants off from their right of trial by jury if they really have evidence which they will offer on a trial, it is to carefully test this out, in advance of trial by inquiring and determining whether such evidence exists.' "

Concluding, McDonald says:

> "The problem, upon a motion for summary judgment, thus becomes one of balancing considerations which point in opposite directions. 'An expeditious disposition of cases is a cardinal virtue of the administration of justice, but it is not more important than one's fundamental right to his full day in court.' "

Considering these maxims of law and the summary judgment evidence, we are convinced that the trial court did not err in granting judgment modifying, construing and correcting the legal description of the easement in question. Appellants' points are overruled.

Judgment of the trial court is affirmed.