**Opinion issued January 17, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00621-CV

———————————

## JOHN A VANN, APPELLANT

## V.

## CHARLA BRADSHAW CONNER, APPELLEE

On Appeal from the 431st District Court
Denton County, Texas
Trial Court Cause No. 2009-40755-362

## MEMORANDUM OPINION

Charla Conner and KoonsFuller, P.C. (collectively, KF), intervened in John and Janet Vann's divorce action, seeking payment for attorney's fees that Janet owed to them for representing her during the divorce. After a bench trial on the claims in intervention, the trial court found John and Janet jointly and severally liable for the attorney's fees. John appeals, contending that: (1) KF failed to plead

a cause of action against him individually and pleaded no basis for its recovery against him; (2) KF judicially admitted that it did not seek a judgment against John; and (3) the trial court's temporary orders establishing John's support obligations during the divorce solely defined the extent of John's support obligations, relieving him of further liability for Janet's support and thus for the attorney's fees sought by KF. Finding no error, we affirm.

## Background

In 2009, John Vann sued Janet Vann for a divorce. Janet retained KF to represent her in the divorce. During the proceedings, the trial court ordered that John pay $3,500.00 per month in spousal support to Janet, as well as many of Janet's living expenses. The trial court also ordered John to pay Janet's attorney's fees in an amount equal to payments that he made to his own attorney after the date of the order. Rancorous proceedings ensued.

KF later moved to withdraw as counsel and petitioned to intervene, seeking attorney's fees for its representation of Janet. Its petition included claims for breach of contract, quantum meruit, and a suit on a sworn account. KF requested judgment against Janet and John jointly and severally, expressly requesting that the court: "Render judgment in favor of Intervenor and against JANET VANN and JOHN VANN, jointly and severally."

2

John and Janet eventually settled their divorce, leaving outstanding KF's claims in its petition to intervene. After a bench trial on KF's claims in intervention, the trial court found for KF on its suit on sworn account. It judged John and Janet to be jointly and severally liable for $69,612.50 in unpaid attorney's fees incurred during the divorce and $14,612.50 for attorney's fees incurred by KF in prosecuting its suit in intervention. The trial court entered findings that John had failed to provide support to Janet during the pendency of the divorce. It also found that the attorney's fees incurred by Janet were "necessaries" within the meaning of Section 2.501 and 3.201 of the Texas Family Code, for which John was personally liable, but we do not affirm the judgment on that basis.

**Discussion**

*Sufficiency of the Pleadings*

John first contends that KF never pleaded a cause of action against him individually such that he could be held liable for the fees. Texas follows a fair notice standard for pleading. *Horizon/CMS Healthcare Corporation v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). Under this standard, courts assess the sufficiency of pleadings by determining whether an opposing party can ascertain from the pleading the nature, basic issues, and the evidence that might be relevant to the controversy. *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007); *see* TEX. R. CIV. P. 47(a). An opposing party should identify defects in a pleading using special

exceptions so that a party may cure a defect by amendment if possible. *Auld*, 34 S.W.3d at 897. In the absence of special exceptions, we construe the petition liberally in the pleader's favor. *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993).

John did not specially except to clarify the pleadings or the basis for recovery against him, and thus we construe KF's petition liberally in its favor. *See Boyles*, 855 S.W.2d at 601. KF's petition lists Janet as the respondent and asserts causes of action based on fees that Janet incurred during the divorce proceedings, but in its prayer for relief, KF requests that the court "[r]ender judgment in favor of Intervenor and against Janet Vann and John Vann, jointly and severally." This request was sufficient to notify John that KF sought to recover against him for the fees. The petition did not allege the specific basis for recovery against John, but in the absence of special exceptions, the basis for recovery may be inferred from the context as a debt of the marital estate. *See Gallagher v. City of Brownsville*, 429 S.W.2d 663, 667 (Tex. App.—Corpus Christi 1968, writ ref'd n.r.e.) (holding that, absent special exceptions, judgment was valid even though the pleadings failed to fully allege basis of recovery). Accordingly, we hold that the pleadings support a judgment against John.

*Judicial Admission*

Second, John contends that KF's counsel's statement that "we haven't made a claim for a judgment against Mr. Vann at this time based on the Sworn Account

4

grounds as we have with Mrs. Vann" constitutes a binding judicial admission that prevents KF from recovering against John on the suit on sworn account, the only claim for which the trial court granted relief. A judicial admission is an assertion of fact, usually found in pleadings or stipulations of the parties, that acts as a formal waiver of proof. *Mendoza v. Fid. & Guar. Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex. 1980). "A judicial admission must be a clear, deliberate, and unequivocal statement." *Auld*, 34 S.W.3d at 905.

The statement by KF that it had not made a claim against John on the suit on sworn account is not a statement of fact relevant to the basis of KF's recovery against John. When read in its entirety, the statement clarified that KF sought to recover fees for representing Janet and not for representing John. It was not a clear, unequivocal statement that KF was not seeking to recover the fees that Janet incurred from John as obligations he owed to the marital estate. *See id.* Because counsel's statement was equivocal in the context, we hold that the statement is not a judicial admission that would preclude KF from recovering against John.

*Extent of John's Support Obligations*

Finally, John contends that, by complying with the trial court's temporary orders, he discharged any further duty to support Janet—and thus any liability for her attorney's fees—because the orders defined the extent of his duty of support during the divorce. The parties, however, presented conflicting evidence regarding

5

whether John had paid Janet the $3,500 per month in support as ordered and whether he had made payments to Janet's attorneys when he paid his own attorney. In particular, KF presented evidence that John had withheld payment to his own attorney until the divorce was concluded in an attempt to avoid payment to Janet's attorneys under the trial court's temporary orders. The trial court could have credited the evidence that John failed to comply with the trial court's temporary orders to conclude that John had had not fulfilled his duty of support.

Because the trial court reasonably could have found that John did not comply with the trial court's temporary orders, and thus concluded that he had failed to fulfill his duty of support, John's contention—premised on his fulfilling the support obligations set out in the temporary orders—is without merit. We therefore need not determine whether complying with temporary orders for support during a pending divorce relieve a spouse of any further obligation to support the other spouse.[1]

---

[1] Because the trial court found that John failed to comply with its temporary support orders and sufficient evidence supports its finding, we need not decide whether complying with temporary support orders during a divorce discharges a spouse's duty of support. *See Gardner Aldrich, LLP v. Tedder*, No. 02-10-00115-CV, 2011 WL 3546589 (Tex. App.—Fort Worth Aug. 11, 2011, pet. granted).

## Conclusion

We affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.